Lori Ann HARRINGTON, Plaintiff,

v.

COUNTY OF FULTON, Fulton County
Department of Social Services, and
Fred Lefflear, Defendants.

No. 5:00–CV–1764.

United States District Court,
N.D. New York.

June 18, 2001.

Delorenzo, Pasquariello & Weiskopf, P.C., Schenectady, New York, for plaintiff.

Roemer, Wallens & Mineaux, LLP, Albany, New York, for defendants County of Fulton & Fulton County Department of Social Services, Elena Defio Burke, Kathleen M. Kiley, of counsel.

## MEMORANDUM—DECISION AND ORDER

HURD, District Judge.

### I. INTRODUCTION

Plaintiff Lori Ann Harrington ("Harrington" or "plaintiff") commenced the instant action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"), and the New York State Human Rights Law, N.Y.Exec. Law §§ 296 & 297 (McKinney 1992), asserting causes of action for sexual harassment and retaliation. The defendants County of Fulton ("County") and Fulton County Department of Social Services

("DSS") moved to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), or alternatively for summary judgment, pursuant to Fed. R.Civ.P. 56.[1] The plaintiff opposed. Oral argument was heard on April 27, 2001 in Albany, New York. Decision was reserved.

## II. *FACTS*

On May 23, 1998, Harrington was hired as a caseworker for the DSS. She was promoted to senior caseworker on October 9, 1990. Lefflear was hired in 1993 and was placed in Harrington's unit, thereby making her his supervisor. Harrington alleges that from approximately 1995 until May 1997, Lefflear made numerous unwelcome advances, sexual comments, and leered at her. For example, she claims that he pasted pictures of her head onto the bodies of swimsuit models and taped them in his cubicle, told her she wore "huggable" sweaters, and asked her to wear her hair up so he could see her neck.

On May 27, 1997, Harrington verbally complained to her supervisors. The Commissioner of DSS conducted an investigation by interviewing plaintiff's coworkers. Harrington alleges that after this investigation, Lefflear still stared at her, made snide comments to her, and her coworkers labeled her a troublemaker.

On November 18, 1997, Harrington filed a written complaint with the County's Director of Personnel, Edith Pashley ("Pashley"), alleging that she was being sexually harassed by Lefflear. After another investigation, a counseling memo was placed in Lefflear's file and he was removed from plaintiff's unit. Plaintiff claims that after she filed her written complaint, she was given less field work, her annual evaluations became less favorable, and although Lefflear was removed from her unit, he still sat only ten feet away from her.

Harrington took disability leave in June 1999 due to surgery. Prior to that, she had requested a transfer. When she returned from disability leave in September 1999, she was transferred to another unit, as requested; however, she claims that she was given no work and resorted to playing Solitaire all day. On February 8, 2000, she submitted her resignation, effective February 26, 2000. Lefflear sent her flowers on her last day.

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on August 21, 2000. On August 29, 2000, the EEOC issued a right to sue letter. A summons and complaint was served on the County on November 21, 2000.

## III. *DISCUSSION*

### A. *Motion to Dismiss Standard*

A motion to dismiss "test[s] the legal sufficiency of the complaint, and thus does not require the Court to examine the evidence at issue." *DeJesus v. Sears, Roebuck & Co.,* 87 F.3d 65, 69 (2d Cir.1996) (quoting *Carey v. Mt. Desert Island Hosp.,* 910 F.Supp. 7, 9 (D.Me.1995)). In reviewing the sufficiency of a complaint at the pleading stage, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

A cause of action shall be dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6), "only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Tarshis v. Riese Org.,* 211 F.3d 30, 35 (2d Cir.2000) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2

---

1. Defendant Fred Lefflear ("Lefflear") has not appeared in this action.

L.Ed.2d 80 (1957)). Accordingly, in considering a motion brought pursuant to Fed.R.Civ.P. 12(b), the court must assume all of the allegations in the complaint are true and "draw inferences from those allegations in the light most favorable to [the] plaintiff." *Id.* Nevertheless, a pleading which consists of bald assertions and conclusory allegations unsupported by factual assertions "will not suffice to state a claim." *See id.; see also Gregory v. Daly,* 243 F.3d 687, 692 (2d Cir.2001) (stating that, while the Federal Rules of Civil Procedure's notice pleading standards merely require a short and plain statement of a claim, a complaint which merely consists of naked assertions, and sets forth no facts, is insufficient to state a claim under Rule 12(b)(6)).

Where a motion to dismiss is made prior to any discovery or the filing of an answer, the court is loath to dismiss the complaint, regardless of whether the plaintiff is unlikely to prevail, unless the defendant can demonstrate that plaintiff is unable to prove facts which would entitle him to relief. *Wade v. Johnson Controls, Inc.,* 693 F.2d 19, 22 (2d Cir.1982); *see also Egelston v. State Univ. College at Geneseo,* 535 F.2d 752, 754 (2d Cir.1976).

### B. *Summary Judgment Standard*

Summary judgment must be granted when the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed .R.Civ.P. 56; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Lang v. Retirement Living Pub. Co.,* 949 F.2d 576, 580 (2d Cir.1991). The moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact. Fed.R.Civ.P. 56;

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Thompson v. Gjivoje,* 896 F.2d 716, 720 (2d Cir.1990). Facts, inferences therefrom, and ambiguities must be viewed in a light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Project Release v. Prevost,* 722 F.2d 960, 968 (2d Cir.1983).

When the moving party has met the burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. at 586, 106 S.Ct. 1348. At that point, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial ." Fed.R.Civ.P. 56; *Liberty Lobby Inc.,* 477 U.S. at 250, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co.,* 475 U.S. at 587, 106 S.Ct. 1348. To withstand a summary judgment motion, evidence must exist upon which a reasonable jury could return a verdict for the nonmovant. *Liberty Lobby, Inc.,* 477 U.S. at 248–49, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co.,* 475 U.S. at 587, 106 S.Ct. 1348. Thus, summary judgment is proper where there is "little or no evidence ... in support of the non-moving party's case." *Gallo v. Prudential Residential Servs.,* 22 F.3d 1219, 1223–24 (2d Cir.1994) (citations omitted).

### C. *Title VII Claim*

#### 1. *Statute of Limitations*

"Title VII requires a claimant to file a discrimination charge with the EEOC within 180 days of the alleged unlawful employment action or, if the claimant has already filed the charge with a state or local equal employment agency, within 300 days of the alleged act of discrimination." *Quinn v. Green Tree Credit Corp.,* 159 F.3d 759, 765 (2d Cir.1998) (cita-

tions omitted). This requirement "is analogous to a statute of limitations," *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir.1996), and bars consideration of "discriminatory incidents not timely charged before the EEOC" in subsequent suits in district court. *Quinn*, 159 F.3d at 765.

█ Harrington filed a discrimination charge with the EEOC on August 21, 2000. Ordinarily then, her Title VII claim would only include incidents occurring in the preceding 180 days, or, only those incidents occurring on and after February 22, 2000.[2] Plaintiff's complaint relates primarily to events which occurred in 1997.

█ Harrington argues that the discrimination she was subjected to falls within the "continuing violation" exception. The continuing-violation exception applies when there is evidence an ongoing policy or practice of discrimination. *Van Zant*, 80 F.3d at 713. "[M]ultiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mechanism do not amount to a continuing violation." *Quinn*, 159 F.3d at 765 (quoting *Lambert v. Genesee Hosp.*, 10 F.3d 46, 53 (2d Cir.1993)). However, a continuing violation may be found 1) where a specific and ongoing discriminatory policy or practice is shown or 2) where "specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice." *Id.* at 766 (quoting *Cornwell v. Robinson*, 23 F.3d 694, 704 (2d Cir.1994)). When a continuing violation is shown, all relevant actions

taken pursuant to the employer's discriminatory policy or practice may be considered, even those that would otherwise be time barred. *See Fitzgerald v. Henderson*, 251 F.3d 345 (2d Cir.2001) (quoting *Van Zant*, 80 F.3d at 713).

█ The plaintiff has not shown a continuing violation. First, the instances which occurred in 1997 were the subject of her written complaint to Pashley in November 1997 and were addressed by immediate investigation. In fact, in March 1998, in response to a written inquiry from Pashley, Harrington indicated that, while she believed that Lefflear continued "to harass others", she "believed that this issue is resolved for now." (Pashley Aff.Ex. H .) She also thanked Pashley for the manner in which the matter was handled. Pashley encouraged the plaintiff to report any future incidents to the Commissioner of Social Services. Second, Harrington does not state any specifics or dates concerning any alleged subsequent incidents of discrimination and there is no evidence that she reported any subsequent incidents, which would have placed the County on notice of a continuing problem. Finally, she has failed to demonstrate that the incidents concerning Lefflear's alleged harassment towards her and her alleged constructive discharge are related. Consequently, since no continuing violation has been demonstrated, only events occurring on or after February 22, 2000 may be considered with respect to Harrington's Title VII claims.

### 2. *Hostile Work Environment*

█ Under Title VII, in order to establish a prima facie case of hostile work

---

2. The defendants argue that, since Harrington filed a discrimination charge with the New York State Division of Human Rights ("DHR"), any events occurring more than 300 days prior to the filing of the charge are time barred. However, for the extension of time provided for in § 2000e–5(e) to apply,

Harrington must have "initially instituted proceedings" with the DHR. There is no evidence in the record concerning when, if at all, she filed her discrimination charge with the DHR or if it was prior to filing the EEOC charge. Therefore, the 300 day time period is inapplicable in this case.

environment discrimination, a plaintiff must sufficiently plead and prove: (1) that she is a member of a protected group; (2) that she was the subject of unwelcome advances; (3) that the harassment was based upon her sex; and (4) that the harassment affected a term, condition or privilege of her employment. *See Cosgrove v. Sears, Roebuck & Co.,* 9 F.3d 1033, 1042 (2d Cir .1993). A hostile work environment is one which is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (internal quotations omitted) (citations omitted); *Torres v. Pisano,* 116 F.3d 625, 630 (2d. Cir.1997). The conduct must be severe or pervasive enough that an objective, reasonable person would find the work environment hostile or abusive. *Harris,* 510 U.S. at 21, 114 S.Ct. 367; *see also Fitzgerald,* 251 F.3d 345, 2001 WL 588961, at ——. Additionally, the victim must subjectively perceive the environment as abusive. *Harris,* 510 U.S. at 21–22, 114 S.Ct. 367.

■ As stated above, the events alleged in the complaint which occurred in 1997 must be excluded from consideration. When those events are excluded, the complaint broadly alleges that after Harrington made her written complaint in November 1997, Lefflear made snide remarks about her, (Compl.¶ 25), "called her a 'bitch' on more than one occasion," *id.,* taunted her, and continued to stare at her. *Id.* ¶ 26. Even assuming their truth, these general and conclusory allegations, which are not supported by factual assertions, are insufficient to state a claim for hostile work environment. Alternatively, even if these broad allegations are suffi-

cient to state a claim, the plaintiff has failed to set forth sufficient specific facts demonstrating that her work environment was permeated with severe and pervasive discriminatory conduct. Rather, at best, the conduct alleged was merely offensive and did not appear to affect plaintiff's job performance. Accordingly, plaintiff's Title VII claim for hostile work environment must be dismissed.

### 3. *Retaliation*

■ In order to establish a prima facie case of retaliation, the plaintiff must demonstrate that 1) she participated in a protected activity which was known to the defendant, 2) an adverse employment action was taken against the plaintiff, and 3) there is a causal connection between the protected activity and the adverse employment action. *Gregory,* 243 F.3d at 700; *Quinn,* 159 F.3d at 769. Once a plaintiff establishes a prima facie case, the burden shifts to the defendant to set forth evidence of a legitimate, non-retaliatory explanation for the employment action. *Richardson v. New York State Dep't of Corr. Serv.,* 180 F.3d 426, 443 (2d Cir .1999). If the defendant is successful in meeting its burden, then the "plaintiff must demonstrate that there is sufficient potential proof for a reasonable jury to find the proffered legitimate reason merely a pretext for impermissible retaliation." *Id.*

■ As a result of excluding events which occurred prior to February 22, 2000, the plaintiff essentially alleges she was subjected to three adverse employment actions: 1) Poor evaluations, 2) she was given less field work, and 3) she was given no work to do after she returned from surgery. However, a review of the record does not bear out plaintiff's claims.[3] First,

3. It should be noted that plaintiff's response    to the defendants' Statement of Material

plaintiff's evaluations after she had filed her written complaint were not negative, but rather, quite complementary. Second, the defendants have produced evidence that all senior caseworkers, like the plaintiff, were given less field work due to a reconfiguration in their duties. Harrington has not presented any evidence to the contrary. Finally, the plaintiff has failed to demonstrate a causal connection between her November 1997 complaint and her claim that she was given no work to do when she came back from surgery in 1999. In addition, the plaintiff has failed to indicate when and to whom she made requests for work; there is no evidence that she pursued the available avenues for redress, as she had in November 1997; and her evaluations for that time period suggest that she had a sufficient amount of work and responsibility. Therefore, the plaintiff has failed to establish a prima facie case of retaliation.

### 4. *Constructive Discharge*

A constructive discharge occurs when an employer intentionally makes an employee's working conditions so intolerable that the employee is forced to involuntarily resign. *See Fitzgerald,* 251 F.3d 345, 2001 WL 588961, at *9, —— (quoting *Chertkova v. Conn. Life Ins. Co.,* 92 F.3d 81, 89 (2d Cir.1996)); *see also Pena v. Brattleboro Retreat,* 702 F.2d 322, 325 (2d Cir.1983). The working conditions must have been "so difficult or unpleasant that a reasonable person in the employee's shoes would have been compelled to resign." *Whidbee v. Garzarelli Food Specialties, Inc.,* 223 F.3d 62, 73 (2d Cir.2000) (quoting *Lopez v. S.B. Thomas,* 831 F.2d 1184, 1188 (2d Cir.1987)).

In the present case, the evidence demonstrates that plaintiff's November 1997 written complaint of sexual harassment was met with due consideration and resulted in a prompt investigation of the charges. Harrington never registered any subsequent complaints about the working conditions despite her knowledge of the available avenues of redress and Pashley's invitation to report any future incidents. In early 1998, Lefflear was removed from the plaintiff's unit, as she requested, thereby removing him from her supervision, and his desk was physically moved so that he no longer was in the direct view of the plaintiff. Plaintiff's evaluations were positive and do not indicate any attempt to force her to quit. Harrington's transfer to a new unit, pursuant to her request, required her to perform less field work, but much more supervisory work. The record does not bear out plaintiff's claim that she had no work to do; rather, she was required to perform a different type of work. In light of the above, the plaintiff has failed to demonstrate that her working conditions were so intolerable that a reasonable person in her position would have resigned.

### C. *State Law Claims*

Under New York State law, no action may be commenced against a municipality or its employees unless a notice of claim is served upon the municipality within ninety days of the date of the incident giving rise to the claim. *See* N.Y.Gen.Mun.Law § 50-e (McKinney 1999). In addition, a plaintiff must allege compliance with such notice requirements in the complaint. § 50-i(1)(b).

Facts, submitted pursuant to L.R. 7.1(a)(3), fails to comply with the Local Rules in that she makes qualified admissions and improperly cites to her memorandum of law rather than to the record. Accordingly, plaintiff's response has not been considered. *See* L.R. 7.1(b)(3) (stating that "[a]ny papers required under this Rule that are ... not in compliance with this Rule shall not be considered unless good cause is shown.").

 In the present case, the complaint does not allege that a notice of claim was ever served upon the County, nor does plaintiff make any contention that she served such notice. While the plaintiff contends that the Second Circuit has held that no notice of claim is required for actions brought under the federal civil rights statutes, she presents no authority for the proposition that supplemental state law claims brought in federal court do not have to comply with the state's notice requirements.[4] Therefore, plaintiff's state law claims must be dismissed for failure to serve a notice of claim.

## IV. *CONCLUSION*

Most of plaintiff's allegations in support of her Title VII claims are time-barred. Her remaining allegations with respect to her claim of hostile work environment are too broad and conclusory to state a prima facie case. The evidence does not support her claims of retaliation and constructive discharge. Further, the plaintiff has failed to demonstrate a causal connection between her November 1997 written complaint and the events occurring in 1999 and 2000, which she claims were retaliatory and forced her to resign. The plaintiff's state law claims must be dismissed for failure to serve a notice of claim.

Accordingly, it is

ORDERED, that

1. The motion by defendants County of Fulton and Fulton County Department of Social Services to dismiss the complaint, or alternatively, for summary judgment is GRANTED;

2. Defendant Fred Lefflear is DISMISSED *sua sponte*; and

3. The complaint is DISMISSED in its entirety.

The Clerk is to enter judgment accordingly.

IT IS SO ORDERED.

---

4. The cases cited by the plaintiff, *Brandon v. Bd. of Educ. of Guilderland Cent. Sch. Dist.*, 635 F.2d 971, 974 n. 2 (2d Cir.1980), *Burroughs v. Holiday Inn*, 606 F.Supp. 629 (W.D.N.Y.1985), and *Williams v. Allen*, 616 F.Supp. 653 (E.D.N.Y.1985), merely hold that New York State's notice of claim requirements do not apply to federal civil rights claims. In those case, however, the plaintiffs did not assert supplemental state law claims.