Fred TARSHIS, Plaintiff–Appellant,

v.

The RIESE ORGANIZATION,
Defendant–Appellee.

Docket No. 98–9599.

United States Court of Appeals,
Second Circuit.

Argued Aug. 30, 1999.

Decided April 26, 2000.

Fred Tarshis, New York, New York, Pro Se Plaintiff–Appellant.

John Harris, New York, New York (Davidoff & Malito LLP, New York, New York, of counsel), for Defendant–Appellee.

Before: NEWMAN, CARDAMONE, and JACOBS, Circuit Judges.

CARDAMONE, Circuit Judge.

Plaintiff Fred Tarshis appeals, *pro se,* from a judgment entered October 7, 1998 in the United States District Court for the Southern District of New York (Batts, J.) that granted the defendant Riese Organization's motion to dismiss his complaint for failure to state a cause of action. Plaintiff's complaint alleges discrimination in employment and, like most such litigation, this case has a David–versus–Goliath quality to it. Tarshis, a 67–year–old male employee of Riese, one of New York City's largest restaurant operations, worked at Riese's Brew Burger where he was its oldest and only white employee. Six years ago his supervisor told him to take a month off, and when he returned the Brew

Burger where he had worked was closed. Defendant offered him a job in another restaurant for longer hours at less pay, which he refused. Instead he brought suit against his former employer for age and national origin discrimination.

The district court dismissed plaintiff's complaint ruling that closing a restaurant could not serve as a pretext for age or national origin discrimination against one of the employees that worked there, and further, that his claims could not stand because his employer offered him another—although not as good—job. As far as we know from the record the only reason given for plaintiff's firing was the restaurant's closing. In his 20 years of employment at defendant's well-established and overflowing restaurant business, plaintiff was considered good enough as a waiter to be promoted to cook and bartender, good enough as cook and bartender to become an assistant manager, and good enough as an assistant manager to hold that position simultaneously at two of Riese's restaurants at the time he was fired. Yet, defendant did not consider plaintiff good enough to continue employment at one of its 150 New York restaurants after one of the two where plaintiff worked was closed. We reverse the dismissal of plaintiff's complaint and remand the case to the district court.

## BACKGROUND

Defendant Riese is New York's largest independent restaurant business. It owns and operates more than 150 restaurants in the New York City area, including well-known franchises such as T.G.I. Friday's, Houlihan's, Beefsteak Charlie's, Dunkin' Donuts, KFC, Pizza Hut, Roy Rogers, Arby's, Lindy's, and Charlie O's. The plaintiff began working as a waiter with Riese in 1974 at age 47. During his 20 years with the company, he worked a variety of jobs in several different Riese restaurants. In his complaint, plaintiff alleges that in 1993 he was splitting his time as assistant manager at two Riese restaurants, working at the Brew Burger three days a week and at Lindy's two days a week. In October 1993 Tarshis was ordered by his supervisor, Tony Rosado, a 46-year-old Hispanic man, to take a one-month vacation. During that month, Riese closed the Brew Burger and began converting its location into a new upscale Martini's restaurant.

When he returned from vacation, Tarshis found the restaurant where he had worked closed and himself without a job. He was also told he no longer had a job at Lindy's. His replacement at Lindy's was Mike Perez, a 59-year-old Hispanic man. When he was dismissed, Tarshis alleges he was the oldest employee at the Brew Burger and its only white employee. He also asserts that every other employee at the closed Brew Burger was reassigned either to the new Martini's or to another Riese restaurant. Plaintiff appealed in vain to his former supervisor for reinstatement, and only after he pleaded with a Riese vice president was he given a short term position during the 1993 Christmas holidays, being let go again in early January 1994.

In May 1994 Riese placed several advertisements in New York newspapers seeking assistant managers for their restaurants. Tarshis applied for and was offered a position that paid less and required him to work one day more than his previous position. He declined this offer, and instead filed a claim of age and national origin discrimination with the Equal Employment Opportunity Commission (EEOC). The EEOC dismissed his claim on July 10, 1996.

Tarshis later filed a suit in federal court alleging violations of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 et seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., Article I, section 11 of the New York Constitution, the New York Human Rights Law, N.Y. Exec. Law § 296 et seq., and unspecified New York City anti-discrimination laws. On October 7, 1998 the

district court, upon defendant's motion, dismissed plaintiff's complaint for failure to state a claim. It ruled that Tarshis had not stated a discrimination cause of action because Riese's closure of the Brew Burger was a valid, non-discriminatory reason for dismissing him. In addition, it found no discrimination in the failure to reassign plaintiff after the Brew Burger closed because plaintiff admitted that he turned down this offer of reemployment. Having dismissed the federal claims, the district court in the exercise of its discretion dismissed the pendent state claims as well.

## DISCUSSION

### I Legal Principles

#### A. *Standard of Review*

■ A district court may grant a motion to dismiss for failure to state a claim only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). This rule barring the granting of a motion to dismiss has for many years been carefully adhered to in this Circuit, particularly in civil rights actions. *See Gant v. Wallingford Bd. of Educ.,* 69 F.3d 669, 673 (2d Cir.1995); *Hernandez v. Coughlin,* 18 F.3d 133, 136 (2d Cir.1994); *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir.1991); *Escalera v. New York City Hous. Auth.,* 425 F.2d 853, 857 (2d Cir.1970); *Holmes v. New York City Hous. Auth.,* 398 F.2d 262, 264–65 (2d Cir.1968).

■ Thus, while bald assertions and conclusions of law will not suffice to state a claim, *see Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir.1996), the district court, before granting a motion to dismiss, must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally. *See Desiderio v. National Ass'n of Sec. Dealers, Inc.,* 191 F.3d 198, 202 (2d Cir.1999). We review dismissal of plaintiff's complaint *de novo. See id.*

#### B. *The ADEA*

■ Reading that complaint in light of the rules just outlined, we think it purports to state two claims: one, an age discrimination claim and, two, a Title VII claim. We discuss the legal principles governing the age claim fir@st. The ADEA prohibits discrimination on the basis of age against an individual aged 40 or older "with respect to his compensation, terms, conditions, or privileges of employment." 29 U.S.C. §§ 623(a)(1), 631(a). Claims of age discrimination under the ADEA are analyzed according to the same burden-shifting framework outlined for Title VII claims in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Woroski v. Nashua Corp.,* 31 F.3d 105, 108 (2d Cir. 1994).

■ Under the *McDonnell Douglas* analysis, a plaintiff must first prove by a preponderance of the evidence a *prima facie* case of discrimination. *See McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. 1817; *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). A plaintiff who claims age discrimination has the burden—described as minimal—of establishing four elements to prove a *prima facie* case. *See St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *Scaria v. Rubin,* 117 F.3d 652, 654 (2d Cir.1997) (per curiam). Plaintiff must show that he is (1) a member of the protected age group, (2) qualified for the position, (3) subjected to an adverse employment decision or discharge, and that (4) his discharge occurred under circumstances giving rise to an inference of discrimination. *See Austin v. Ford Models, Inc.,* 149 F.3d 148, 152 (2d Cir. 1998); *Woroski,* 31 F.3d at 108. To make the required showing, a plaintiff may rely on direct evidence of what the defendant did and said, but more often than not must

depend on the cumulative weight of circumstantial evidence to make out a *prima facie* case. *See Luciano v. Olsten Corp.*, 110 F.3d 210, 215 (2d Cir.1997).

Once plaintiff has successfully established a *prima facie* case, the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for its adverse employment action. *See Austin*, 149 F.3d at 153; *Woroski*, 31 F.3d at 108. Any stated reason is sufficient; the employer need not persuade the court that the proffered reason was the actual reason for its decision. *See Austin*, 149 F.3d at 153; *Fisher v. Vassar College*, 114 F.3d 1332, 1335–36 (2d Cir.1997) (en banc). If the employer makes this showing, the presumption of discrimination raised by plaintiff establishing his *prima facie* case drops out, and the burden shifts back to plaintiff to prove that discrimination was the real reason for the employment action. *See St. Mary's Honor Ctr.*, 509 U.S. at 511, 515, 113 S.Ct. 2742; *Fisher*, 114 F.3d at 1339. A plaintiff may demonstrate that discrimination was the real reason by showing that it was *a* motivating factor—although it need not be the *only* motivating factor—in the employment decision. *See Renz v. Grey Advertising, Inc.*, 135 F.3d 217, 222–23 & n. 5 (2d Cir.1997).

### C. *Title VII*

Turning to the legal principles governing what we discern as plaintiff's second or Title VII claim, we note that in order to establish a Title VII *prima facie* case, a plaintiff must show four elements similar to those required under the ADEA, namely that he is (1) a member of the protected class, (2) qualified for and satisfactorily performing his job, (3) subjected to an adverse employment decision, and that (4) this adverse decision occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817; *Chambers. v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 37 (2d Cir.1994).

The fourth element of the *prima facie* case may be satisfied by a showing that the plaintiff's position remained open after he was discharged, or that he was replaced by someone outside his protected class. *See De la Cruz v. New York City Human Resources Admin. Dep't of Soc. Servs.*, 82 F.3d 16, 20 (2d Cir.1996); *Song v. Ives Labs., Inc.*, 957 F.2d 1041, 1046 (2d Cir.1992). Once the plaintiff has proven a *prima facie* case of discrimination, the burden shifts to the defendant to show a valid, non-discriminatory reason for its action and, if it can do so, the plaintiff must show that the real reason for the defendant's action was discrimination. *See St. Mary's Honor Ctr.*, 509 U.S. at 510–11, 113 S.Ct. 2742; *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817.

### II Analysis of Present Case

#### A. *Alleged Non-discriminatory Justification for Tarshis' Dismissal*

We discuss the disposition by the district court of plaintiff's complaint in light of the rules just set forth. The district court did not assess whether Tarshis had stated a *prima facie* case under either the ADEA or Title VII because it found that his claim failed on two other grounds. It concluded without further analysis that Tarshis could not state a claim because, alternatively, (1) the closure of the Brew Burger represented a non-discriminatory reason for his dismissal which could not possibly be pretextual, thus disposing of the second and third steps of the *McDonnell Douglas* methodology, and (2) Riese's offer of reinstatement defeated the third element of Tarshis' *prima facie* case because it demonstrated the lack of any adverse employment action. We are unable to embrace either rationale as a basis for dismissing plaintiff's complaint.

Dismissal for failure to state a claim for the first reason was inappropriate because the trial court did not consider the allegation in Tarshis' complaint that he was em-

ployed as assistant manager at two Riese restaurants, not simply the closed Brew Burger. In the proceedings below Riese offered no explanation for why it dismissed Tarshis from his position at Lindy's restaurant. So long as Tarshis otherwise states a *prima facie* case of age, race, or national origin discrimination, Riese has yet to articulate a valid, non-discriminatory reason for plaintiff's dismissal from Lindy's.

 Further, the question of whether the closure of the Brew Burger was a non-discriminatory and non-pretextual reason for Tarshis' dismissal from his position at that restaurant was not properly decided on a motion to dismiss for failure to state a. claim. We recognize that a reduction-in-force or restructuring that results in an elimination of jobs often is a legitimate reason for dismissing an employee. *See Woroski,* 31 F.3d at 109; *Gallo v. Prudential Residential Servs., Ltd. Partnership,* 22 F.3d 1219, 1226 (2d Cir.1994); *Dister v. Continental Group, Inc.,* 859 F.2d 1108, 1116 (2d Cir.1988). But, such a reduction is not always the whole story. Here, Riese has not claimed that an economic downturn led to a reduction-in-force of its employees; in fact the contrary is the case— its business is doing very well.

Instead what we are told is that a single restaurant, in defendant's large chain of restaurants, was closed so that a newer and better one could take its place. The employer reopened a restaurant on the same site, but with a different name several months after closing it, employing some of the same people who had worked at Brew Burger, and the remaining Brew Burger employees, except for Tarshis, were reassigned to other Riese restaurants. When Martini's opened, Riese advertised for assistant manager positions, including one at the newly-reopened restaurant. Nor does it appear from the record that any positions were eliminated within the corporation as a result of the closure of the Brew Burger and the subse-

quent opening of a new Riese restaurant at the same site.

 Where restructuring involves a consolidation of operations and the position previously held by plaintiff continues to exist in the on-going business, the restructuring is not an explanation sufficient as a matter of law to compel dismissal of the lawsuit without discovery or further inquiry. *See Maresco v. Evans Chemetics,* 964 F.2d 106, 111–13 (2d Cir.1992); *Montana v. First Fed. Sav. & Loan Ass'n of Rochester,* 869 F.2d 100, 105 (2d Cir.1989). Business restructurings usually involve the transfer of personnel, so that not offering an employee the opportunity to transfer could constitute evidence that the employer's reason for discharge was pretext. *See Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 509 (2d Cir.1994). Although Title VII and the ADEA do not grant courts authority to second-guess the wisdom of corporate business decisions, *see Parcinski v. Outlet Co.,* 673 F.2d 34, 37 (2d Cir.1982), we must nevertheless judge whether the proffered explanation in light of all the circumstances is a rational one. In the context of closing a restaurant, the focus must be on what evidence of an economic nature would provide a non-discriminatory reduction-in-force or restructuring rationale. Because no positions were ultimately eliminated, nothing in the record before us justifies Riese's decision to dismiss Tarshis. Therefore, the closure of the Brew Burger could have been advanced as a pretext for what in actuality was plaintiff's impermissible and discriminatory dismissal and, contrary to the district court's conclusion, does not justify dismissal of plaintiff's *prima facie* case.

## B. *Effect of Offer of Reinstatement on Tarshis' Claim*

 The district court also erred in its alternative ruling that Tarshis' refusal to take a lower paying position with his employer after it dismissed him defeats his claim. This holding involves the third prong of the *prima facie* case, the require-

ment that the employee has suffered an adverse employment action. The district court held that "neither Title VII nor the ADEA requires that the Plaintiff be offered a position that compensates him at the same rate as before he was discharged." In effect, such view means that under the ADEA and Title VII the discharge and subsequent rehire of an employee in a position with less compensation and longer hours does not constitute an "adverse employment action." Such holding is not consistent with our precedents.

■ Quite the contrary, the third element of a *prima facie* case is satisfied by showing an employer's action that alters the terms and conditions of employment in a negative way. *See De la Cruz,* 82 F.3d at 21. The discharge of an employee, followed by her rehiring in a lower position, is an adverse employment action. *See Quaratino v. Tiffany & Co.,* 71 F.3d 58, 62–64 (2d Cir.1995). Similarly, Tarshis' rehiring in a position lower than the assistant manager job he held before is tantamount to a demotion and, as such, clearly qualifies as an adverse employment decision under the anti-discrimination statutes. *See Kaluczky v. City of White Plains,* 57 F.3d 202, 208 (2d Cir.1995). Even reassignment to a less desirable position suffices to satisfy the adverse employment action element of the *prima facie* case. *See Richardson v. New York State Dep't of Correctional Svc.,* 180 F.3d 426, 444 & n. 4 (2d Cir.1999). We see no reason why an employer should be allowed to accomplish an adverse reassignment or demotion with invidious intent through layoff and rehiring when that same action would be impermissible if done in the course of employment.

### III Resolution of the Claims Alleged in the Complaint

#### A. *ADEA Claim*

■ Tarshis clearly satisfies the first three elements of the ADEA *prima facie* case. He was 67 years old when discharged, and thus a member of the protected class. There is no dispute that his performance had been consistently good and that he was qualified for the position of assistant manager that he held. Our discussion above demonstrates that he suffered an adverse employment action. To survive the motion to dismiss, Tarshis must show that the adverse employment action occurred in circumstances that give rise to an inference of discrimination on the basis of age. To that subject we now turn.

■ Tarshis was replaced as assistant manager at Lindy's by a 59–year–old man. Although an inference of discrimination cannot be based on a plaintiff's replacement by another person who is only slightly younger, *see O'Connor v. Consolidated Coin Caterers Corp.,* 517 U.S. 308, 312–13, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996), we have held that the replacement of an employee within the protected class by two others, one 11 years younger and the other eight months younger, satisfied the fourth element of a *prima facie* case under the ADEA. *See Hollander v. American Cyanamid Co.,* 172 F.3d 192, 199 (2d Cir.1999). A difference of eight years between the age of the person discharged and his replacement, as in the instant case, is not insignificant.

This inference is strengthened in Tarshis' case by his allegations (1) that he was the oldest employee at Brew Burger and the only Brew Burger employee discharged as a result of the closure, *see Levin v. Analysis & Technology, Inc.,* 960 F.2d 314, 317 (2d Cir.1992), and (2) that Riese advertised for assistant manager positions within a few months of discharging Tarshis, including a night manager position at the new Martini's located at the same site as the closed Brew Burger. *See Viola v. Philips Med. Sys.,* 42 F.3d 712, 718 (2d Cir.1994) (hiring of replacement employees after a reduction in workforce supports an inference of improper motive in terminating employment). Riese emphasizes that Tarshis was 47 years old

when hired and was already within the class protected by the ADEA. That circumstance may be relevant at the third stage of the *McDonnell Douglas* inquiry, *see Proud v. Stone*, 945 F.2d 796, 798 (4th Cir.1991), but it does not compel dismissal of the complaint now.

In light of the minimal burden required to satisfy the *prima facie* case, the record before us is sufficient to give rise to an inference that age was a factor in Riese's allocation of jobs to the former employees of the Brew Burger.

### B. *Title VII Claim*

The ambiguity in the record and disposition below of Tarshis' Title VII claim precludes review of this claim at this point in the proceedings. Because the district court decided that Tarshis' suit failed for other reasons, it undertook no analysis of his Title VII claim. However, its passing references to his claim appear to have misconstrued the allegations in plaintiff's complaint.

■ Ordinarily, in deciding a motion for failure to state a claim, the district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken. *See Allen v. West-Point–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991). The motion is granted when the pleadings do not delineate adequately the elements of the cause of action upon which the plaintiff's theory of liability is predicated. *See Stern v. General Elec. Co.*, 924 F.2d 472, 476 (2d Cir.1991).

■ Plaintiff's allegations of a violation of Title VII as set forth in his complaint are somewhat murky. In his complaint, Tarshis alleges he was the only Caucasian person employed at Brew Burger when he was fired, that his supervisor was Hispanic, and that his position at Lindy's was filled by another Hispanic man. On this basis, he contends he suffered national ori-

gin discrimination. However, he makes no statement regarding his own national origin. In the papers filed in opposition to the motion to dismiss, his counsel asserted that he stated a case of *race* discrimination. While there is no substantive difference in the *prima facie* case a plaintiff must show for a national origin discrimination claim as compared with a race discrimination claim, there is considerable confusion in this plaintiff's submissions to the district court regarding what he is actually asserting. Adding to the confusion is the fact that, despite the allegations on the face of the complaint, the district court construed Tarshis' Title VII claim throughout to be one of race discrimination and yet did not analyze whether he stated a *prima facie* case under such claim.

■ Thus, the complaint is unclear as to the precise claim plaintiff is asserting. However, because we reinstate Tarshis' ADEA claim, the district court should on remand allow Tarshis to amend his complaint with respect to his Title VII cause of action. Given any indication that a valid Title VII claim may be stated, *pro se* pleadings, however inartfully drawn, are held to less stringent standards than those pleadings drafted by lawyers. Granting leave to amend is consistent with the policy of liberally construing civil rights complaints. *See* Fed.R.Civ.P. 15(a); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 167–69, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Branum*, 927 F.2d at 705. Unless it can be said that under the allegations of this complaint it appears that plaintiff is entitled to no relief under any view of the facts that could be produced in support of his cause of action, then plaintiff must be afforded an opportunity to offer his proof.

### CONCLUSION

In concluding that Tarshis failed to state a viable cause of action, the district court made two incorrect determinations about

the factors that can defeat a discrimination suit. Because the facts stated in Tarshis' complaint taken in the light most favorable to him properly state a claim of age discrimination under the ADEA, we reverse and remand for further consideration of that claim. It also appears from the allegations in the complaint that Tarshis may be able to assert a claim of discrimination under Title VII, and he should be given leave to amend his complaint to state such a claim. Having found that Tarshis' claims were improperly dismissed, the order dismissing his pendent state law claims must also be vacated and those claims reinstated.

The judgment appealed from is accordingly reversed and the case remanded to the district court for further proceedings consistent with this opinion.