Artreatha PLUMMER Plaintiff,

v.

Irwin GORDON, et al, Defendants.

No. CIV.A. 3–99–CV–2533(JCH).

United States District Court,
D. Connecticut.

March 18, 2002.

Joanne S. Faulner, Law Offices of Joanne Faulkner, New Haven, CT, for Plaintiff.

Jonathan D. Elliot, Kleban & Samor, PC, Southport, CT, Irwin J. Gordon, Gordon & Gordon, Trumbull, CT, for Defendant.

Robert C. Lubus, Jr., Grady & Riley, Waterbury, CT, for Movant.

## RULING ON DEFENDANTS' MOTION TO DISMISS (DKT. NO. 108)

HALL, District Judge.

The plaintiff, Artreatha Plummer ("Plummer"), brings claims against defendant, Auto Recovery Bureau Conn, Inc. ("Auto Recovery"), for violations of the Fair Debt Collection Practices Act ("FDCPA") and for "unfair or deceptive trade practices, conversion and for violations of its obligations as a bailee for hire." "The plaintiff brings claims against defendant, Irwin Gordon ("Gordon"), pursuant to the FDCPA and the Connecticut Unfair Trade Practices Act ("CUTPA")." The action arises out of the transfer of the plaintiff's automobile to an auction at the direction of the Bridgeport Post Office Federal Credit Union and the eventual sale of the plaintiff's car.

The defendants bring this motion pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Specifically, the defendants argue that the claims against Gordon should be dismissed because he was never a debt collector and, therefore, cannot be held liable under the FDCPA. In addition, the defendants assert that Gordon cannot be held liable under CUTPA for his role as defense counsel in suits brought by the plaintiff. The defendants argue that Auto Recovery cannot be held liable under the FDCPA because the plaintiff has not alleged facts which would constitute a violation of that statute. The defendants assert that the state law claims brought against Auto Recovery fail for the same reason.

For the reasons stated below, the court grants the defendants' motion.

## I. BACKGROUND

The plaintiff, Artreatha Plummer, obtained a car loan from the Bridgeport Post Office Federal Credit Union ("Credit Union"), on which loan she later defaulted. Plummer's vehicle, purchased with the proceeds from the loan, was repossessed by Auto Recovery on February 10, 1999. Plummer sued Auto Recovery in state court regarding the legality of the repossession under the FDCPA and pursuant to various state causes of action. Attorney Gordon represented Auto Recovery in that action. The claims were eventually settled. One of the terms of the settlement agreement was that Auto Recovery would

retain the car until Plummer came to "pick it up herself." Complaint at ¶ 14. Plummer also sued the Credit Union for wrongful repossession and violation of the Retail Installment Sales Financing Act. Gordon was retained to represent the Credit Union in that action, as well.

Approximately six months after the settlement was entered into, Auto Recovery transferred the car to an auction at the direction of the Credit Union. The vehicle was then sold at auction. The complaint alleges that Auto Recovery effected the dispossession of Plummer's vehicle. The complaint also alleges that Gordon acted, during his representation of both Auto Recovery and the Credit Union, in his own interest rather than in his client's interest. The complaint also alleged that Gordon knew about the sale of Plummer's car and that his actions deprived her of her car.

## II. PREVIOUS PROCEEDINGS

This lawsuit was commenced with the filing of a sparse complaint. The defendants filed a motion for a more definite statement, which the court denied, ruling that the defendants could obtain information as to the factual basis of the rather conclusory complaint through discovery. Various discovery disputes then arose and the defendants were unable to obtain the needed information. The Magistrate Judge issued a ruling (Dkt. No. 90) in which she suggested that the defendants file a motion for a judgment on the pleadings. Upon review of that ruling of the Magistrate Judge, the court found that Plummer may have met the minimum pleading requirements under Fed.R. Civ. P. 8 and indicated that a motion for judgment on the pleadings may not have been appropriate. However, the court ordered Plummer to show cause why she should not be sanctioned under Rule 11 for filing a pleading whose factual contentions had no evidentiary support and for failing to make a reasonable inquiry prior to filing

suit. Following a Show Cause Hearing held on November 7, 2001, the court found that Rule 11 sanctions were not appropriate and declined to dismiss the complaint under Rule 11 at that time. However, the court ordered the plaintiff to file an amended complaint, which she did on November 30, 2001 (Dkt. No. 105). That amended complaint is the subject of the defendants' pending motion to dismiss.

## III. DISCUSSION

### A. Standard of Review

A motion to dismiss filed pursuant to Rule 12(b)(6) can only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Todd v. Exxon Corp.,* 275 F.3d 191, 197–98 (2d Cir.2001) In considering such a motion, the court must accept the factual allegations alleged in the complaint as true and all inferences must be drawn in the plaintiff's favor. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds, Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); *Stephenson v. Dow Chemical Co.,* 273 F.3d 249, 256 (2d Cir.2001). A Rule 12(b)(6) motion to dismiss cannot be granted simply because recovery appears remote or unlikely on the face of a complaint. *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.* (quotation omitted). "[B]ald assertions and conclusions of law will not suffice to state a claim ...." *Tarshis v. Riese Org.,* 211 F.3d 30, 35 (2d Cir.2000) (citations omitted).

### B. Law of the Case

■ Plummer argues, in response to the motion to dismiss, that this court has al-

ready determined twice that the plaintiff's complaint is sufficient to withstand a motion to dismiss. Plummer points to the court's Ruling on Plaintiff's Objections to the Magistrate Judge's Ruling (Dkt. No. 95), in which the court indicated that Plummer's complaint fulfilled the requirements of Rule 8 and suggested that a motion for judgment on the pleadings would be futile. Plummer also references the court's Ruling Re: Order to Show Cause (Dkt. No. 101), in which the court did not dismiss the action pursuant to Rule 11 and indicated that a summary judgment motion might be the most appropriate vehicle to resolve the claims. Pursuant to the doctrine of "law of the case," the plaintiff urges the court to dismiss the pending motion on the grounds that it conflicts with the court's prior rulings in the case and because it is merely a belated motion to reconsider.

First, the court has never decided the merits of the plaintiff's claims pursuant to a Rule 12 motion. While the court did, indeed, believe that a motion on the pleadings might be futile, the basis for that ruling was that the complaint pled so few facts and with such limited specificity that it would have been impossible to determine the issues on a dispositive motion. Instead, the court ordered the plaintiff show cause why the complaint should not be dismissed pursuant to Rule 11. Without passing on the legal merits of Plummer's claims, the court ruled that during the hearing and in subsequent filings, Plummer had shown cause why the complaint should not be dismissed under Rule 11. At no time, in either of those rulings, did the court indicate that the claims had been considered by the court pursuant to the standards of Rule 12.

Second, the court has never issuing a ruling regarding the Amended Complaint, which differs substantially from the previously filed complaint. Indeed, now the claims are pled with sufficient specificity that a dispositive motion may be considered.

Finally, although the court suggested that a summary judgment motion might be the appropriate vehicle through which to address the legal sufficiency of the claims, the court at no time precluded the defendants from filing a motion to dismiss instead. The court does not find that the defendants' motion ignores what is pled in the amended complaint or relies on matters outside the complaint and declines to treat this as a motion for summary judgment.

### C. FDCPA

█ "The FDCPA is designed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged; and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. § 1692. The FDCPA is remedial in nature and should be liberally construed. *Shrestha v. Nadel,* 2001 WL 286852, at *3 (D.Conn.2001).

█ The FDCPA applies only to the actions of "debt collectors," which is defined in 15 U.S.C. § 1692a(6) as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The plaintiff alleges that the defendants violated 15 U.S.C. § 1692(f)(6) which prohibits:

> taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

(B) there is no present intention to take possession of the property; or

(C) the property is exempt by law from such dispossession or disablement.

The inquiry must focus on whether the defendants had a "present right" to Plummer's car via a valid security interest. *See Clark v. Auto Recovery Conn., Inc.,* 889 F.Supp. 543, 546 (D.Conn.1994). There is no explicit allegation in this case that the Credit Union lacked the right to repossess the car initially based on the default by Plummer on the loan.[1] At the Credit Union's instructions, Auto Recovery was then entitled to take repossession of the car. *See id.* Plummer specifically states in the complaint that she "makes no claims herein against Auto Recovery Bureau Conn for the February repossession." Complaint at ¶ 14. In her memorandum of law in opposition to the motion to dismiss (Dkt. No. 112), she asserts that the creditor had no right to possession and that the plaintiff had the present superior right of possession. However, there are no allegations in the complaint that would support such assertions. While Auto Recovery and Plummer did enter into a settlement agreement regarding the initial repossession, there is nothing about that settlement which undermines the Credit Union's security interest in the car. While Auto Recovery may have violated the settlement agreement when they caused the final dispossession of the car, that does not establish liability under the FDCPA.

█ Plummer's claim against Gordon must also fail for the same reasons. If there was no unlawful dispossession by Auto Recovery, then Gordon, acting in his capacity as defense attorney, could not be held liable under the FDCPA. Plummer's claim against Gordon must also fail because she has not alleged that he is a debt collector as defined by the FDCPA. The bulk of the allegations directed at Gordon concern his duties to his own clients and the harm he caused them by his self-serving actions. The only allegations which concern Plummer are aimed at his actions undertaken in his capacity as defense counsel to Auto Recovery and the Credit Union. Specifically, Plummer accuses Gordon of knowing that his client was going to breach the settlement agreement and his filing papers in opposition to Plummer's state court action. While Plummer correctly asserts that attorneys are not exempt from the FDCPA if they regularly collect consumer debt through litigation, *see Heintz v. Jenkins,* 514 U.S. 291, 299, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995), there is no allegation that Gordon regularly pursued such conduct. In fact, Plummer notes at paragraph 24 of her complaint that Gordon "had no experience representing creditor in repossession cases."

█ In addition, Plummer cannot assert claims under the FDCPA against Gordon for his actions towards his own clients because she has not established that he owed her any duty or that she was the intended beneficiary of his services. *See e.g., Krawczyk v. Stingle,* 208 Conn. 239, 244, 543 A.2d 733 (Conn.1988).

On the first page of her amended complaint, Plummer also asserts claims under sections 1692d, e, and g of the FDCPA. However, she does not include allegations

---

**1.** There was litigation commenced against the Credit Union for wrongful repossession but the resolution of that proceeding is not clear from the pleadings in this case. In any event, the plaintiff has not alleged in her complaint that the Credit Union did not have a valid interest in the vehicle.

to support violations of these alternative statutory provisions nor does she include them within the counts, as instructed by the court in a previous ruling. *See* Dkt. No. 101 at 3. Therefore, the court dismisses those claims as Plummer has failed to state a claim under those provisions of the FDCPA.

The court grants the defendants' motion as to the FDCPA claims asserted in Counts One and Three for failure to state a claim. The court grants leave to the plaintiff to replead with such facts as would support a violation under section 1692f(6) of the FDCPA.

### D. State Law Claims

The plaintiff has also asserted claims against both defendants under CUTPA and has asserted the state law claims of conversion and bailment against Auto Recovery. Under 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a [state law] claim ... if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). While dismissal of the state claims is not absolutely mandatory, *Rosado v. Wyman*, 397 U.S. 397, 403–05, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970); *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), the basis for retaining jurisdiction is weak when the federal claims are dismissed before trial. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Accordingly, the court declines to exercise jurisdiction over the state law claims, and those claims are dismissed without prejudice.

### IV. CONCLUSION

The court grants the defendants' motion to dismiss (Dkt. No. 108) on the grounds that the plaintiff has failed to state a claim under the FDCPA. The court declines to exercise supplemental jurisdiction over the state law claims. The case is closed. However, the court grants Plummer leave to replead her claims against Auto Recovery. Any amended complaint should be filed by March 22, 2002, and the case will be reopened.

**SO ORDERED.**