Sharon Fleming **PERRY**, Plaintiff,

v.

**METROPOLITAN SUBURBAN BUS AUTHORITY a.k.a. MTA Long Island Bus and Transport Workers Union, Local 252, AFL–CIO, Defendants.**

**No. 03 CV 5388(ADS)(ARL).**

United States District Court, E.D. New York.

June 3, 2004.

Harriet A. Gilliam, Esq., Riverhead, NY, for Plaintiff.

Law Offices of Christopher E. Chang by Christopher E. Chang, Esq., New York City, for Defendant the Metropolitan Suburban Bus Authority a.k.a. MTA Long Island Bus.

Colleran, O'Hara & Mills, LLP by Edward J. Groarke, Esq., Garden City, NY, for Defendant the Transport Workers Union, Local 252, AFL–CIO.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This action arises out of claims by Sharon Fleming Perry (the "plaintiff" or "Perry") that her former employer, the Metropolitan Suburban Bus Authority a.k.a. MTA Long Island Bus (the "MSBA") wrongfully terminated her employment as a bus operator in violation of the equal protection and due process clauses of the Fourteenth Amendment; in violation of 42 U.S.C. § 1981 ("Section 1981"); and that it conspired with the Transport Workers Union, Local 252, AFL–CIO ("Local 252" or the "Union") to deny the plaintiff her con-stitutional rights on the basis of her race and gender in violation of 42 U.S.C. § 1985 ("Section 1985"). The plaintiff also alleges a cause of action under 42 U.S.C. § 1983 in that Local 252 violated this plaintiff's due process and equal protection rights. ("Section 1983").

Presently before the Court is a motion by the MSBA to dismiss the first and third causes of action, namely the Section 1981 and Section 1985 claims, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ("Fed. R. Civ.P."). Local 252 adopts the motion by the MSBA to the extent that it seeks a dismissal of the Section 1985 cause of action.

## I. BACKGROUND

### A. Factual Background

The facts are taken from the complaint and are assumed to be true for the purposes of this motion.

From October 12, 1993 until her termination on August 6, 2003, the plaintiff was employed by the MSBA as a full time bus operator. During the time period in question, the plaintiff was a member of Local 252, which is recognized by the MSBA as the exclusive representative of certain employees including the plaintiff for the purpose of collective bargaining negotiations and the settlement of grievances. A collective bargaining agreement between the MSBA and Local 252 was in force from December, 1999 through December, 2002 (the "CBA").

On August 19, 2002, the plaintiff suffered a heart related ailment. About this time the plaintiff was diagnosed as having cardiomyapy and pulmonary hypertension causing her to be absent from work on sick leave.

Pursuant to Article XII of the CBA ("Article XII"), if an employee is out of

work due to a heart related ailment, he or she must submit medical certification of their ability to return to work. If the medical director concurs with the findings that the employee is able to return to work, the employee is permitted to resume his or her assignment. If an employee is deemed unable to return to work by the employer's medical director, the union and employer are to agree to send the employee to an impartial doctor for a final determination as to the employee's condition at that time.

On December 4, 2002, Dr. Stern, the physician for the employer, cleared the plaintiff to return to work. On January 30, 2003, Dr. Miller, the MSBA's medical director, determined that the plaintiff was able to return to work on January 31, 2003. Nevertheless, on February 13, 2003, the MSBA referred the plaintiff to Dr. Stern for an independent medical examination. Dr. Stern reversed his previous finding and determined that the plaintiff was not able to return to work and was totally disabled. On March 12, 2003 and on April 23, 2003, Dr. Lewis, the plaintiff's personal cardiologist, indicating in writing that the plaintiff was fit to return to work. Dr. Lewis also submitted this determination to the MSBA.

Based upon Dr. Stern's determination that she was unable to return to work, the plaintiff sought permanent disability from the MSBA's insurance carrier. In a letter dated May 8, 2003, the plaintiff learned that she was denied permanent disability because her records and test results did not indicate that she was unable to return to work. A copy of this letter was provided to Dr. Miller. Despite the carrier's determination that the plaintiff did not qualify for permanent disability, the MSBA insisted that the plaintiff was unfit to resume her duties. On August 6, 2003, the MSBA terminated her employment.

The plaintiff alleges that contrary to the procedures set forth in Article XII, requiring that the plaintiff be referred to an impartial physician agreed to between Local 252 and the MSBA, the MSBA made a unilateral decision to refer the plaintiff to Dr. Stern. On the plaintiff's behalf, the union filed a grievance and subsequently a demand for arbitration regarding the employers unilateral referral of the plaintiff to Dr. Stern. However, because she was never advised of the grievance or the arbitration hearing, the plaintiff did not participate in either proceeding.

Furthermore, when the MSBA determined in June, 2003 to terminate the plaintiff, Local 252 failed to inform the plaintiff that a Step I grievance was scheduled for July 21, 2003 or that she could provide documentation and/or witnesses to substantiate her claim that she could resume her duties. Consequently, this grievance was held in the plaintiff's absence. The MSBA determined that the plaintiff produced no evidence to support her claim. Allegedly, the plaintiff did not learn that the Step I grievance proceeding occurred until she received the correspondence from MSBA dated July 24, 2003 advising the plaintiff that her Step II grievance was scheduled for July 31, 2003. The plaintiff reported for this grievance, which was denied. Thereafter, the plaintiff requested arbitration. The plaintiff alleges that Local 252 has not contacted her except to advise her that there was nothing further to be done.

The plaintiff alleges upon information and belief that Local 252 treated white employees more favorably than the plaintiff in terms of advocating for their right to return to work from sick leave. The plaintiff further alleges that Local 252 failed to contest the employer's discriminatory actions against her causing her to be treated less favorably than white employees with

respect to her contractual rights and her right to return to her duties following medical clearance. The complaint alleges upon information and belief that there were white and male employees who were similarly situated and who were permitted to return to work. The plaintiff claims that she was approaching eligibility "for vesting" at the time of her termination and the decision to terminate her was in whole or in part done to preclude her from receiving certain entitlements under the New York State Retirement Plan.

The plaintiff further claims, among other things, that the MSBA and Local 252 violated Section 1985 by conspiring to deny the plaintiff the opportunity for a grievance and an arbitration hearing on the issue of the termination of her employment in violation of the equal protection and due process clauses of the Fourteenth Amendment. She also contends that the MSBA violated the plaintiff's rights under Section 1981 by "subject[ing][her] to different terms and conditions of employment than white employees with respect to medical clearance for return to work."

Presently before the Court is a motion by the MSBA to dismiss these causes of action pursuant to Rule 12(b)(6). Local 252 adopts the arguments by the MSBA to the extent it seeks a dismissal of the Section 1985 cause of action.

## II. DISCUSSION

### A. The Standard of Review

A court may grant a Rule 12(b)(6) motion to dismiss for failure to state a claim only when " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.' " *Tarshis v. Riese Org.*, 211 F.3d 30, 35 (2d Cir.2000), *abrogated on other grounds, Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The court must accept as true all of the factual allegations set out in the complaint, draw inferences from those allegations in the light most favorable to the plaintiff, and construe the complaint liberally. *See id.* (citing *Desiderio v. National Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir.1999)).

### B. As to the First Cause of Action

The plaintiff's first cause of action alleges that the MSBA and Local 252 "conspired to deny [the] plaintiff [of] her equal protection and due process rights under the U.S. Constitution by denying [the] plaintiff the opportunity for a grievance and arbitration hearing on the issue of her ability to return to work and ... on the issue of the termination of her employment" in violation of Section 1985. (Compl.¶ 41). MSBA contends that this cause of action should be dismissed for failure to state a claim because "the case law is clear that alleged deprivation of rights created under Title VII cannot be the basis for a cause of action under § 1985(3)." Defs. Mem. in Opposition at 4.

The MSBA's argument is misplaced. Not only does the complaint make no mention of Title VII, but this cause of action essentially alleges a conspiracy to violate the plaintiff's constitutional rights of due process and equal protection in that she was denied a grievance and arbitration proceeding because of her race and gender. Accordingly, the MSBA's motion to dismiss the first cause of action for the reason asserted is denied.

### C. As to the Third Cause of Action

The third cause of action alleges that the MSBA "violated the plaintiff's rights under Section 1981 in that she was subjected to different terms and conditions

of employment than white employees with respect to medical clearance for return to work." Compl. § 47. The MSBA argues that under the rule in *Jett v. Dallas Independent Sch. Dist.,* 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989), where the plaintiff asserts a cause of action under Section 1983, the plaintiff may not also advance a claim under Section 1981. The Court agrees.

In *Jett,* the Supreme Court held that "the express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of rights guaranteed by § 1981 when the claim is pressed against a state actor." *Jett,* 491 U.S. at 735, 109 S.Ct. 2702; *see also Anderson v. Conboy,* 156 F.3d 167, 176 n. 17 (2d Cir.1998); *see also Roddini v. City Univ. of New York,* No. 02 Civ. 4640, 2003 WL 435981, at *5 (Feb. 21, 2003) Accordingly, because the plaintiff's second cause of action arises under Section 1983, the plaintiff's Section 1981 claim against the MSBA is dismissed.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the motion by the MSBA to dismiss the plaintiff's first cause of action based on Section 1985 is **DENIED;** and it is further

**ORDERED,** that the motion by the MSBA to dismiss the plaintiff's third cause of action based on Section 1981 is **GRANTED,** and it is further

**ORDERED,** that the parties are directed to contact United States Magistrate Judge Arlene R. Lindsay forthwith to schedule the completion of discovery

**SO ORDERED.**