**Karin SODERBERG, Plaintiff–Appellant,**

v.

**GUNTHER INTERNATIONAL, INC., Defendant–Appellee.**

No. 04–0959.

United States Court of Appeals, Second Circuit.

Feb. 22, 2005.

Karen Lee Torre, New Haven, Connecticut, for Appellant.

Barry J. Waters (Theresa M. Parietti, on the brief), Murtha Cullina LLP, New Haven, Connecticut, for Appellee.

Present: OAKES, RAGGI, and WESLEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, entered on January 13, 2004, granting defendant-appellee's motion for summary judgment is hereby AFFIRMED.

Plaintiff-appellant Karin Soderberg submits that the district court erred in awarding summary judgment in favor of her former employer, defendant-appellee Gunther International, Inc. ("Gunther"), on her claim of discriminatory discharge based on age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621—634. We assume the parties' familiarity with the facts and the record of proceedings, which we reference only as necessary to explain our decision.

We review an award of summary judgment de novo, and we will affirm only if the record, viewed in the light most favorable to the non-moving party, reveals "no genuine issue as to any material fact" but supports a conclusion that "the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir.2003) (and cases cited therein).

Motions for summary judgment on federal age discrimination claims are generally reviewed pursuant to the three-step burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Terry v. Ashcroft*, 336 F.3d at 138; *Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 168 (2d Cir.2001). Although Gunther submits that Soderberg's case fails at the first step because she cannot demonstrate a prima facie case of age discrimination, we disagree. As this court noted in *Zimmermann v. Associates First Capital Corp.*, 251 F.3d 376, 381 (2d Cir. 2001), a plaintiff's burden to establish a prima facie case of discrimination is "de minimis." Soderberg carries this minimal burden because, (1) at the time she was fired, she was sixty-three years old and, thus, clearly a member of the class protected by the ADEA, *see* 29 U.S.C. § 631(a); (2) her ten-year work history with defendant company, accompanied by positive performance evaluations, would permit a jury to find that she was qualified for her job; (3) her termination was obviously an adverse employment action; and (4) within two months of her termination, defendants filled her position with a forty-two-year-old employee, twenty years her junior. *See Byrnie v. Town of Cromwell Bd. of Educ.*, 243 F.3d 93, 102 (2d Cir. 2001) (holding that rejection of plaintiff in favor of significantly younger applicant,

who was also over forty, can support an inference of age discrimination); *see also Carlton v. Mystic Transp., Inc.,* 202 F.3d 129, 135 (2d Cir.2000); *Tarshis v. Riese Org.,* 211 F.3d 30, 38 (2d Cir.2000).

We further conclude, however, that Gunther also carried its burden at the second step to produce a legitimate, non-discriminatory reason for its termination decision: its new CEO considered Soderberg incompetent and ordered her fired. Gunther did not document its concerns until January 28, 2000, the day Soderberg was terminated; even then, it did so only in general terms. Nevertheless, in moving for summary judgment, Gunther has offered evidence of two incidents in the months before Soderberg's termination that fueled its CEO's dissatisfaction. First, Soderberg's hotel arrangements for company personnel attending a California trade show in late 1999 somehow went awry, resulting in the CEO discovering, upon his arrival, that he had no room reservation. Second, when asked to arrange for photographs to be taken of the CEO, Soderberg expanded the request into a broader shoot that included other corporate executives.

Soderberg submits that these complaints are so "petty" that a reasonable jury could conclude that they are a pretext for age discrimination. We must disagree. Preliminarily, we note that "it is not the function of a fact-finder to second-guess business decisions" regarding what constitutes satisfactory work performance. *Dister v. Cont'l Group, Inc.,* 859 F.2d 1108, 1116 (2d Cir.1988). The ADEA does not make employers liable for petty, "stupid," or "even wicked decisions"; "it makes them liable for discriminating, for firing people on account of their age." *Norton v. Sam's Club,* 145 F.3d 114, 120 (2d Cir.1998). To demonstrate that an employer's proffered legitimate reason for termination is a pretext for discrimination, a plaintiff must do more than conclusorily dismiss the reason as petty (particularly when it reflects the perception of the CEO); she must adduce admissible evidence that the reason is false. *Compare Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 144, 147, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (noting that petitioner "made a substantial showing that respondent's explanation was false," which, "[i]n appropriate circumstances," may permit the trier of fact to infer "that the employer is dissembling to cover up a discriminatory purpose"), *with Abdu–Brisson v. Delta Air Lines, Inc.,* 239 F.3d 456, 470 (2d Cir.2001) (granting summary judgment in favor of defendant where plaintiff established prima facie case of age discrimination but "failed to produce sufficient evidence" to permit jury finding that defendant's non-discriminatory reasons for its "challenged employment actions were false"). *See also Goenaga v. March of Dimes Birth Defects Found.,* 51 F.3d 14, 18 (2d Cir.1995) (noting that "conclusory statements" challenging reasons proffered as incredible are insufficient to defeat summary judgment). Soderberg fails to adduce such evidence.

Soderberg's own deposition testimony indicates that defendant's proffered reasons were not false: she acknowledged learning that Gunther's CEO was displeased with her handling of the photo shoot soon after it occurred and that he was annoyed about the mix-up regarding his reservation the day he arrived at the trade show. In short, although Soderberg may consider defendant's termination decision an over-reaction to her perceived mishaps, she can point to no evidence in the record indicating that her employer was not, in fact, displeased with her actions, much less that the real reason for her termination was age discrimination. *See St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 507, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) (" 'The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the

plaintiff remains at all times with the plaintiff.'" (quoting *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981))); *accord Norton v. Sam's Club,* 145 F.3d at 118 (noting that "[t]he thick accretion of cases interpreting th[e] burden-shifting framework should not obscure the simple principle that lies at the core of anti-discrimination cases"; that is, "the plaintiff has the ultimate burden of persuasion").

Certainly, Soderberg adduces no evidence of age-discriminatory remarks by her supervisors at Gunther. *Compare Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. at 151 (noting that plaintiff's supervisor had told him he was too old to perform his job), *with Lizardo v. Denny's, Inc.,* 270 F.3d 94, 104 (2d Cir.2001) (noting absence of any comments or statements evidencing discriminatory bias), *and Schnabel v. Abramson,* 232 F.3d 83, 91 (2d Cir.2000) (noting absence of any discussion of plaintiff's age during deliberations regarding his termination). Nor does she point to any evidence that other employees, falling outside the protected class but similarly situated to herself in all material respects, received more favorable treatment for comparable unsatisfactory actions. *See Graham v. Long Island R.R.,* 230 F.3d 34, 39 (2d Cir.2000); *Norville v. Staten Island Univ. Hosp.,* 196 F.3d 89, 96 (2d Cir.1999). To the extent Soderberg attempts to demonstrate defendant's age bias by noting that the younger employee who replaced her was unqualified, she offers no admissible factual support for this conclusory assertion, a not-insignificant omission given the individual's six-year employment history with defendant and the fact that he was near completing a Master's degree in management. Indeed, at her deposition, Soderberg essentially conceded that her sole basis for charging defendant with discriminatory discharge was that, to her own mind, no other reason could explain her termination. Such "con-

jecture or surmise," however, does not constitute admissible evidence sufficient to establish a material issue of fact on the issue of defendant's discriminatory intent. *Goenaga v. March of Dimes Birth Defects Found.,* 51 F.3d at 18 (quoting *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.1991)) (and cases cited therein).

In sum, because Soderberg has failed to offer evidence from which a rational factfinder could infer that defendant's reasons for her discharge were pretextual and that the real reason for her termination was age discrimination, we conclude that summary judgment was properly awarded in favor of defendant.

The district court's January 13, 2004 judgment in favor of defendant is hereby AFFIRMED.