Lomonoco v. Saint Anne Institute

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of May, two thousand nineteen.

PRESENT: DENNIS JACOBS,
PIERRE N. LEVAL,
   <u>Circuit Judges</u>,
JESSE M. FURMAN,*
   <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - -X

**TERI LOMONOCO**
  <u>Plaintiff-Appellant</u>,

  **-v.-**        **18-1912**

---

\* Judge Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation.

**SAINT ANNE INSTITUTE,**

      **Defendant-Appellee.**

- - - - - - - - - - - - - - - - - - -X

**FOR PLAINTIFF-APPELLANT:**     Kevin A. Luibrand, Luibrand Law Firm PLLC, Latham, NY.

**FOR DEFENDANT-APPELLEE:**     Scott P. Quesnel, Girvin & Ferlazzo, P.C., Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, C.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Teri Lomonoco appeals from the judgment of the United States District Court for the Northern District of New York (Suddaby, C.J.) granting Saint Anne Institute's motion for summary judgment and dismissing Lomonoco's claim under the Age Discrimination in Employment Act (the "ADEA"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review de novo a grant of summary judgment. D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Pursuant to the ADEA, it is unlawful for an employer to "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To

establish a prima facie case of age discrimination, Lomonoco must show "(1) that she was within the protected age group, (2) that she was qualified for the position, (3) that she experienced adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 107 (2d Cir. 2010). The district court concluded that Lomonoco failed to establish an inference of age discrimination. We agree.

The required showing is that the employer treated the plaintiff "less favorably than a similarly situated employee outside of the protected group." Raspardo v. Carlone, 770 F.3d 97, 126 (2d Cir. 2014) (internal quotation marks omitted). A plaintiff may make that showing "in a variety of ways." Chertkova v. Connecticut Gen. Life Ins. Co., 92 F.3d 81, 91 (2d Cir. 1996). For example, "[g]enerally, a plaintiff's replacement by a significantly younger person is evidence of age discrimination." Carlton v. Mystic Transp., Inc., 202 F.3d 129, 135 (2d Cir. 2000). However, no inference of age discrimination can be drawn "from the replacement of one worker with another worker insignificantly younger." O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 313 (1996).

Lomonoco argues that she was removed from teaching, primarily assigned to photocopy binders, and replaced by two younger coworkers: Kristina Savoie, 25, and Emily Cody, 29. However, Lomonoco's teaching responsibilities were reassigned to multiple teachers, most of them older. Of the 12 classes Lomonoco identified for comparator purposes, Cody and Savoie combined were assigned to teach only two. Eight of the twelve classes were reassigned to teachers who were older than Lomonoco. (Only three of the twelve classes were reassigned to teachers who were considerably younger than Lomonoco.) The reassignment of Lomonoco's classes fails to support an inference of age discrimination.[1]

---

[1] The district court, in tallying the number of "young" teachers to whom Lomonoco's classes were reassigned, suggested incorrectly that her coworkers who were above the age of 40 (and thus fell in the ADEA-protected class) could not serve as comparators whose differential treatment may raise an inference of discrimination. See Lomonoco v. Saint Anne Institute, No. 1:15-CV-1163, 2018 WL 2324051, at *15 (N.D.N.Y. May 22, 2018) ("[N]umerous other teachers assigned to teach during the 2014-2015 school year

3

We have considered Lomonoco's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

were above the age of 40. . . . Given the fact that the majority of the teachers who were assigned Plaintiff's former classes were within the protected age ground under the ADEA, Plaintiff's focus on the assignments of the two youngest teachers does not, by itself, give rise to an inference of discrimination based on age."). The Supreme Court squarely rejected the district court's reasoning in O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308 (1996), which held that, because the ADEA protects those in the protected class against "*age* discrimination (as opposed to '40 or over' discrimination)," a plaintiff's coworker who is also within the protect class may serve as a comparator provided that they are not "insignificantly younger" than the plaintiff. Id. at 312-13; see also Tarshis v. Riese Org., 211 F.3d 30 (2d Cir. 2000), abrogated on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002) (holding with regard to a 67-year-old plaintiff and a 59-year-old comparator that "[a] difference of eight years between the age of the person discharged and his replacement . . . is not insignificant"). In any event, even accounting for Lomonoco's 39-year old, 47-year-old, and (perhaps) 53-year-old coworkers as potential comparators does not change the outcome because, as noted, two-thirds of Lomonoco's classes went to teachers who were *older* than she.