■ FRANK COLARUOTOLO et al., Respondents v. CITY OF COHOES, Appellant, et al., Defendant.—Appeal from a judgment of the Supreme Court at a Trial Term, entered July 1, 1971 in Albany County, upon a verdict rendered in favor of plaintiffs and from an order of the Supreme Court at a Trial Term, entered July 9, 1971 in Albany County, which denied the motion of defendant City of Cohoes for an order setting aside the verdict. On February 15, 1967, employees of the Public Works Department of the City of Cohoes, accompanied by Lieutenant Donohue and two other Cohoes patrolmen, went to the Dyke Avenue area of the city to pump surface water out of a concrete manhole. This action was to be taken so that a valve could be opened to allow sewage to flow through a recently installed underground sewer pipe and was necessitated by an exigent health hazard, the threatened flooding of many cellars with raw sewage. Plaintiffs went to the scene to object to the operation because the water was to be pumped onto the farmland of plaintiff Frank Colaruotolo, and plaintiff Charles Colaruotolo went so far as to pull the pump hose out of the manhole a number of times. Even after the three men had been informed of the emergency conditions and threatened with arrest and plaintiff Frank Colaruotolo had been warned by Police Court Judge Coughlin not to interfere or he would have him arrested, they persisted in denying the Public Works employees access to the valve. Faced with this situation, Lieutenant Donohue arrested plaintiffs and charged them with violating section 1851 of the former Penal Law in that they were allegedly obstructing public officers in the discharge of their duties. After arraignment, the men were released without bail and, when the charges were presented to the Grand Jury, it returned no bill of indictment. Plaintiffs thereupon commenced this action for false arrest and malicious prosecution. Although the causes of action for false arrest were dismissed for failure to timely serve a notice of claim, the court submitted the causes of action for malicious prosecution to the jury, which returned a verdict solely against the City of Cohoes. A verdict of no cause of action was rendered against Lieutenant Donohue. The first question presented on this appeal is whether there was probable cause for the prosecution of plaintiffs under section 1851 of the former Penal Law. For there to be probable cause there must be: "knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of." (*Burt* v. *Smith*, 181 N. Y. 1, 5, writ of error dsmd. 203 U. S. 129.) That the Grand Jury fails to indict does not preclude a finding of probable cause (36 N. Y. Jur., Malicious Prosecution, § 38) which, where it is found to exist, is "an absolute protection against an action for malicious prosecution, even when express malice is proved" ('*Burt* v. *Smith*, supra, p. 6). The question of its existence is for the court to decide, as a matter of law, where the material facts are not in dispute (*Babor* v. *Goldberg*, 258 App. Div. 230, affd. 283 N. Y. 729; *Burt* v. *Smith, supra*). Applying these principles to the case at hand, we find that unquestionably there was probable cause for the prosecution of plaintiffs and that the court below should have so found and dismissed the complaint. The material facts here are not in dispute and plaintiffs, who had the burden of proving a want of probable cause (*Burt* v. *Smith supra*), instead established its existence by their own evidence. Although they had adequate alternative remedies, such as a temporary restraining order or an action for the intentional or negligent injury to the property, they chose to refuse to obey the commands of the police officers, to refuse to heed the warning of Judge Coughlin, and to remove the pump hose from the manhole. Surely, such conduct constituted obstruction of public officers in the discharge of their duties and would justify a reasonable man in the belief

that he had lawful grounds for prosecution of plaintiffs under the cited penal statute. Our resolution of this issue makes consideration of the further questions raised on this appeal unnecessary. Judgment and order reversed, on the law and the facts, and complaint dismissed, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Kane, and Main, JJ., concur.