■ RICHARD CONKEY, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 60844.)—Judgment unanimously affirmed, without costs, Memorandum: On May 7, 1976 plaintiff was arrested upon a warrant accusing him of the commission of the crime of grand larceny in the third degree. The warrant was issued on an accusatory instrument consisting of an information complaint sworn to by Investigator Hudson of the New York State Police and a supporting deposition alleging that plaintiff had issued certain bad checks. Plaintiff was released on bail on May 8, 1976 and the charges were dismissed on November 2, 1976 based on his claim that the checks were accepted as "extensions of credit and formed no basis for a crime". Plaintiff filed a notice of claim against the State on January 20, 1977. Plaintiff appeals from a judgment of the Court of Claims dismissing his claim for false arrest, malicious prosecution and defamation after a trial of the issues. He claims that the checks in question, which were issued on October 14, 1975, were deposited by the payee on November 20, 1975 contrary to an agreement between the parties that the checks were to be held for a later deposit; that an investigation by the State Police would have revealed that no crime had been committed; that his notice of claim against the State was timely filed; and that he is entitled to recover damages on his claim for false arrest and malicious prosecution. The court properly dismissed the cause of action for false arrest. The supporting information and deposition contain no allegation that plaintiff intended to commit the crime of issuing a bad check or that at the time of uttering the checks he intended or believed that payment would be refused by the drawee upon presentation (Penal Law, § 155.05, subds 1, 2, par [c]; § 190.05, subd 1). Thus, the information was insufficient on its face and the warrant was improperly issued (CPL 100.15, subd 3; 100.40, subd 1, par [c]; 120.20, subd 1; see, also, People v Hall, 48 NY2d 927). However, the general rule that an arrest made pursuant to a warrant valid on its face and issued by a court having jurisdiction of the crime and person, even though erroneously or improvidently issued, gives rise only to a cause of action for malicious prosecution applies in this case (Broughton v State of New York, 37 NY2d 451, cert den sub nom. Schanbarger v Kellogg, 423 US 929; Boose v City of Rochester, 71 AD2d 59, 66). Investigator Hudson obtained immunity from the warrant. He did not knowingly mislead the court or supply any false information to support its issuance (cf. Ross v Village of Wappingers Falls, 62 AD2d 892). In any event, the claim accrued at the latest upon plaintiff's release from custody on May 8, 1976 and became time barred when no timely notice of

claim was filed *(Boose v City of Rochester, supra,* p 65; *Danchak v State of New York,* 29 AD2d 609; Court of Claims Act, § 10, subd 3). The court in dismissing plaintiff's cause of action for malicious prosecution at the close of the evidence stated that "there was probable cause for the arrest herein; and, there was a complete lack of proof, either direct or inferred, that Investigator Hudson acted with actual malice". We disagree that there was probable cause for the arrest, but conclude that the court properly dismissed plaintiff's cause of action for malicious prosecution. In affirming the judgment of the Court of Claims, we may make our own findings either by way of supplying findings which it omitted or by reversing erroneous findings and substituting new ones in their place *(Orange & Rockland Utilities v Philwold Estates,* 70 AD2d 338; *Grow Constr. Co. v State of New York,* 56 AD2d 95; see, also, 11 Carmody-Wait 2d, NY Prac, § 72:158). Malicious prosecution requires proof of (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the plaintiff, (3) the absence of probable cause for the criminal proceeding, and (4) actual malice *(Broughton v State of New York, supra,* p 457). The existence of the first two elements is not controverted. Furthermore, the evidence established prima facie the absence of probable cause. "Probable cause consists of such facts and circumstances as would lead a reasonably prudent man in like circumstances to believe plaintiff guilty" *(Boose v City of Rochester, supra,* p 67; see, also, *Munoz v City of New York,* 18 NY2d 6, 10; *Colaruotolo v City of Cohoes,* 44 AD2d 616, affd 36 NY2d 716). Investigator Hudson's failure to make any inquiry about the circumstances under which the checks were uttered (to establish intent) precludes the finding that there was probable cause to believe plaintiff had the belief, when he drew the checks, that they would be dishonored when presented for payment (36 NY Jur, Malicious Prosecution, § 34; see, also, *Boose v City of Rochester, supra,* p 68). Also, Investigator Hudson could indulge in no presumption of plaintiff's criminal intent since the checks were not presented for payment within 30 days of their utterance (Penal Law, § 190.10, subd 2). Thus, all elements of the cause of action for malicious prosecution have been established except malice. As the court found, the record is devoid of any proof whatever of the existence of actual malice on the part of Investigator Hudson. Lack of probable cause, however, tends to show that the accuser did not believe in the guilt of the accused and malice may be inferred from the lack of probable cause *(Martin v City of Albany,* 42 NY2d 13). The lack of probable cause here was due in part to a technical deficiency; had the checks been deposited six days earlier a criminal intent could have been legally presumed (Penal Law, § 190.10, subd 2) and probable cause would have existed. Moreover, Investigator Hudson had no prior relationship with the parties to the instruments and his conduct was not so egregious as to permit an inference from the evidence that he "must have commenced the * * * criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served" *(Nardelli v Stamberg,* 44 NY2d 500, 503). There is no proof of "reckless or grossly negligent conduct" (cf. *Boose v City of Rochester, supra,* p 70). We conclude that probable cause to initiate the criminal proceeding was not "so totally lacking as to reasonably permit an inference that the proceeding was maliciously instituted" *(Martin v City of Albany, supra,* p 17). (Appeal from judgment of the Court of Claims—false arrest, etc.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.