Joel ANDERSON, Plaintiff,

v.

The COUNTY OF NASSAU; the City of Longbeach; and Detective Shaun Dowling, Sued in their Individual and Official Capacities, Defendants.

No. 02–CV–3748(ADS)(MLO).

United States District Court,
E.D. New York.

Jan. 6, 2004.

Joel Anderson, Ossining, NY, pro se.

William G. Holst, Esq., Corporation Counsel of the City of Long Beach, Long Beach, NY, for the Defendants the City of Long Beach and Detective Shaun Dowling.

Lorna B. Goodman, Nassau County Attorney, by Deputy County Attorney Carl Sandel, Mineola, NY, for the Defendant the County of Nassau.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The *pro se* plaintiff Joel Anderson ("Anderson" or the "plaintiff") filed an amended complaint alleging that the defendants Nassau County, the City of Long Beach and Detective Shaun Dowling ("Dowling") (collectively, the "defendants") are liable for false arrest, unlawful impris-onment, malicious prosecution and abuse of process in violation of the Fourth Amendment, 42 U.S.C. § 1983 ("Section 1983") and New York laws. Presently before the Court is a motion by the County of Nassau to dismiss all of the claims in the amended complaint as against the County of Nassau pursuant to Rule 12(b)(6). Also before the Court is a joint motion by the City of Long Beach and Dowling to dismiss the amended complaint also pursuant to Rule 12(b)(6).

## I. BACKGROUND

On June 26, 2002 the plaintiff commenced this action by asserting claims against the defendants for false arrest, false imprisonment, malicious prosecution, and abuse of process in violation of Section 1983 and New York law. On April 18, 2003, this Court dismissed all of the claims in the complaint except the false arrest and unlawful imprisonment claims under Section 1983 and New York law against Dowling and the false arrest and unlawful imprisonment claims under New York law against the City of Long Beach. The plaintiff was granted leave to file an amended complaint to replead all of the dismissed claims. On May 12, 2003, the plaintiff filed the amended complaint.

The amended complaint alleges that on or about August 7, 2001 "the plaintiff was taken from the Rockville Center Police Station to the Nassau County Police Department First Squad against his will." Am. Compl. ¶ 8. The plaintiff alleges that he was then interrogated by two Nassau County detectives, one being Detective Bonkowski ("Bonkowski"). Thereafter, Bonkowski allegedly contacted Dowling, a detective with the City of Long Beach Police Department, and "conspired with him to attempt to close unsolved cases by fraudulently charging the plaintiff with un-solved crimes ..." Am. Compl. ¶ 9. Some

time later, it is alleged that Dowling along with another detective from the City of Long Beach Police Department attempted to question the plaintiff at the Nassau County Police Department First Squad regarding recent burglaries in the City of Long Beach. The plaintiff claims that he refused to answer the detectives' questions and refused to allow Dowling to take a photograph of him. The plaintiff alleges that Dowling then obtained a copy of the plaintiff's mug shot photograph and utilized it to "unduly influence the misidentification of plaintiff by alleged victims of burglaries." Am. Compl. ¶ 9.

The plaintiff alleges that on or about August 20, 2001, the City of Long Beach and Dowling arrested the plaintiff for burglary in the second degree. The plaintiff was subsequently remanded to the Nassau County Correctional Center by a Long Beach City Court Judge where he was allegedly held without "just cause." Am. Compl. ¶ 10. The complaint further alleges that the City of Long Beach and Nassau County prosecuted the plaintiff without "just cause" and "intend[ed] to maliciously prosecute plaintiff and abuse process." Am. Compl. ¶ 11. The plaintiff had to appear in court approximately ten times before a Nassau County Grand Jury dismissed charges against him under docket number CR01850G–2001. The amended complaint asserts claims of false arrest, unlawful imprisonment, malicious prosecution and abuse of process in violation of the Fourth Amendment, Section 1983, and New York laws.

Presently before the Court is a motion by the County of Nassau to dismiss all of the claims in the amended complaint as against the County of Nassau pursuant to Rule 12(b)(6). Also before the Court is a joint motion by the City of Long Beach and Dowling to dismiss the amended complaint pursuant to Rule 12(b)(6).

## II. DISCUSSION

### A. The Standard

#### 1. Rule 12(b)(6)

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court should dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his complaint which would entitle him to relief. *King v. Simpson*, 189 F.3d 284, 287 (2d Cir.1999); *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir.1996). The court must accept as true all of the factual allegations set out in the complaint, draw inferences from those allegations in the light most favorable to the plaintiff, and construe the complaint liberally. *See Tarshis v. Riese Org.*, 211 F.3d 30, 35 (2d Cir.2000) (citing *Desiderio v. National Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir. 1999)). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995).

In addition, the Court must liberally interpret the complaint of a *pro se* plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Williams v. Smith*, 781 F.2d 319, 322 (2d Cir.1986). Nevertheless, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 92 (2d Cir.1983) (citations omitted).

#### 2. As to Facts Not Included in the Amended Complaint

In its analysis under Rule 12(b)(6), the court "must confine its consideration to facts stated on the face of the complaint, in documents appended to the

complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Tarshis,* 211 F.3d at 39 (citing *Allen v. WestPoint–Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir. 1991)). At the pleading stage, the plaintiff in a Section 1983 action must only provide a "short and plain statement" that " 'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512–513, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

In support of their motion, the City of Long Beach and Dowling submit an affidavit by Samuel Littman, Esq., an Assistant Corporation Counsel for the City of Long Beach, requesting that the Court take judicial notice of the fact that the plaintiff was indicted by a Nassau County grand jury on the charges that form the basis of the plaintiff's amended complaint and that on May 13, 2003, the plaintiff pled guilty to two counts of burglary. In the alternative, these defendants request that the Court convert the Rule 12(b)(6) motion into one for summary judgment.

The Court declines to covert their motion to one for summary judgment in order to consider the material. *See Fonte v. Bd. of Managers of Cont'l Towers Condo.,* 848 F.2d 24, 25 (2d Cir.1988) (stating that a court has the choice of converting a Rule 12(b)(6) motion to one for summary judgment in order to consider material outside the pleadings but must afford all parties an opportunity to submit supporting material).

█ In addition, the Court declines to take judicial notice of any of the facts that are stated in this affidavit. Federal Rule of Evidence 201(b) provides, in pertinent part, that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Although the Court does not doubt the reliability of the facts in this affidavit, the Court declines to take judicial notice because it has no documentation to verify the accuracy of these statements. *But see Davis v. Cotov,* 214 F.Supp.2d 310, 315 (E.D.N.Y.2002) (This Court took judicial notice of the fact that the plaintiff pled guilty to a parole violation when the defendants attached a copy of the Administrative Decision Notice from the State of New York, Executive Department, Board of Parole to their motion papers).

## B. False Arrest/Unlawful Imprisonment

█ In a claim for false arrest or unlawful imprisonment under New York law or Section 1983, the plaintiff must show that (1) he was intentionally confined; (2) he was conscious of the confinement; (3) he did not consent to the confinement; and (4) the confinement was not privileged. *Shain v. Ellison,* 273 F.3d 56, 67 (2d Cir. 2001) (citing *Singer v. Fulton County Sheriff,* 63 F.3d 110, 118 (2d Cir.1995)).

### 1. As to the City of Long Beach and Dowling

█ As stated above, the Court previously denied the City of Long Beach and Dowlings' motion to dismiss the false arrest and unlawful imprisonment claims that were contained in the original complaint. In particular, the Court held that the plaintiff's allegations satisfied the notice pleading standard required at that stage of the litigation.

Because the Court declines to take judicial notice of these defendants' assertions that the plaintiff was indicted and pled

guilty to two counts of burglary in satisfaction of the underlying indictment, the City of Long Beach and Dowlings' argument that the plea of guilty under this indictment "creates a rebuttable presumption of probable cause of the arrest and imprisonment in question" must fail. Similar to the original complaint, the amended complaint alleges that the City of Long Beach and Dowling arrested the plaintiff; that the plaintiff was aware and did not "agree" to the arrest; and that the arrest was without "just cause." Am. Compl. ¶ 10.

 However, under Section 1983, a municipality cannot be held liable solely on a theory of *respondeat superior. Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694–95, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). The plaintiff must demonstrate a "direct causal link between a municipal policy or custom, and the alleged constitutional deprivation." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 1203, 103 L.Ed.2d 412 (1989). The plaintiff must show that the municipal policy was the " 'moving force [behind] the constitutional violation.' " *Id.* at 389, 109 S.Ct. 1197 (quoting *Monell*, 436 U.S. at 694, 98 S.Ct. 2018). "[T]he mere assertion ... that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference...." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir.1995) (quoting *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993)).

Here, the complaint alleges that the City of Long Beach has a "policy, custom[,] practice and usage to condone the systemic practice of racially [and] class profiling on individuals with prior criminal records which, resulted in defendant's malicious intent to falsely arrest and unlawfully imprison the plaintiff with just cause." Am. Compl. ¶ 10. Therefore, the amended complaint does allege facts addressing a municipal policy and custom supporting his claim. Accordingly, the motion to dismiss the claims of false arrest and unlawful imprisonment under Section 1983 and New York law against the City of Long Beach and Dowling is denied.

**2. As to Nassau County**

 The amended complaint specifically indicates that it was the "defendant's [sic] the City of Long Beach and detective Shaun Dowling [who] falsely arrested pliantiff [sic] Joel Anderson at Long Beach City Hall...." Am. Compl. ¶ 10. Therefore, the amended complaint does not allege that any employees or agents of Nassau County were involved in the arrest of the plaintiff. Moreover, as stated above, the amended complaint alleges that the City of Long Beach "unlawfully imprisoned" the plaintiff. Am. Compl. ¶ 10. Accordingly, the motion to dismiss the claims of false arrest and unlawful imprisonment under Section 1983 and New York law against Nassau County is granted.

**C. Malicious Prosecution**

 A malicious prosecution claim under Section 1983 is governed by state law. *Russell v. Smith*, 68 F.3d 33, 36 (2d Cir.1995) (citing *Janetka v. Dabe*, 892 F.2d 187, 189 (2d Cir.1989)). To establish a malicious prosecution claim under New York law, the plaintiff must show (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff; (2) the termination of the proceeding in favor of the accused; (3) the absence of probable cause for the criminal proceeding; and (4) actual malice. *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir.1997); *O'Brien v. Alexander*, 101 F.3d 1479, 1484 (2d Cir.1996).

The amended complaint alleges that Nassau County and the City of Long

Beach (through their "agents and employees at the District Attorney's Office") without "just cause" intended to maliciously prosecute the plaintiff. Am. Compl. ¶ 11. The plaintiff alleges that beginning on or about the end of August, 2001, criminal proceedings against him commenced and continued until on or about November 27, 2001 when "the charge under docket number:# CR01850G–2001 was dismissed in plaintiff's favor by the Grand Jury of Nassau County who found that no probable cause existed for plaintiff's arrest on that charge." Am Comp. ¶ 16. Although the complaint does not expressly indicate that this was the same charge for which he was arrested, in reading the complaint in the light most favorable to the plaintiff, *see Tarshis*, 211 F.3d at 35, and liberally interpreting the amended complaint, *see Williams*, 781 F.2d at 322, the Court infers that the plaintiff was arrested pursuant to the charge under docket number CR01850G–2001. Thus, with respect to the second element, the proceeding under docket number CR01850G–2001 allegedly terminated in the favor of the plaintiff.

■ With respect to the third element, the plaintiff alleges that no probable cause existed because no testimony was advanced by any prosecution witness nor was any evidence produced to substantiate probable cause for the arrest on this charge. *See* Am. Compl. ¶ 16. With respect to the fourth element, malice need not connote actual spite or hatred, but means only " 'that the defendant must have commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served.' " *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 572 (2d Cir.1996) (quoting *Nardelli v. Stamberg*, 44 N.Y.2d 500, 502–03, 406 N.Y.S.2d 443, 445, 377 N.E.2d 975 (1978)). In most cases, the lack of probable cause, while not disposi-

tive, " 'tends to show that the accuser did not believe in the guilt of the accused, and malice may be inferred from the lack of probable cause.' " *Id.* (quoting *Conkey v. State*, 74 A.D.2d 998, 999, 427 N.Y.S.2d 330, 332 (4th Dep't 1980)). The plaintiff has satisfied this element for the same reasons articulated with regard to element three. Thus, the amended complaint establishes a malicious prosecution claim under New York law.

■ However, although the plaintiff sets forth the words "custom," "policy" and "practice" throughout his complaint, none of the alleged customs, policies or practices are the "moving force" behind the alleged constitutional violation of malicious prosecution. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412. In particular, the amended complaint alleges that the City of Long Beach and Nassau County have a custom and practice of "coerc[ing] criminal defendants into waiving probable cause hearings", Am. Compl. ¶ 13, and by appointing them attorneys who "compromise" the rights of indigent defendants, Am. Compl. ¶ 14. However, the plaintiff fails to demonstrate how these alleged customs and practices translate into a pattern or practice of malicious prosecution claims. Furthermore, these alleged customs and practices did not affect the plaintiff because his amended complaint indicates that he did not waive his probable cause hearing and does not allege that an attorney was appointed for him. Accordingly, the amended complaint does not support a claim for malicious prosecution under Section 1983.

■ Having dismissed the plaintiff's federal claims for malicious prosecution, the Court will also dismiss the New York state law claims for malicious prosecution that the plaintiff intended to bring against Nassau County pursuant to this Court's supplemental jurisdiction. *See Arroyo v.*

*City of New York, et al.*, No. 99 Civ. 1458, 2003 WL 22211500, at *3 (E.D.N.Y. Sept. 25, 2003) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)); *see also Karmel v. Liz Claiborne, Inc.*, No. 99 Civ. 3608, 2002 WL 1561126, at * 3 (S.D.N.Y. July 15, 2002) ("[w]hen federal claims are dismissed early in the litigation—for example, before trial on a summary judgment motion—dismissal of state law claim[s] . . . is appropriate.") (citing *Cobbs v. CBS Broadcasting, Inc.*, 99 Civ. 3608, 1999 WL 244099, at *3 (S.D.N.Y. April 26, 1999)). However, in light of the fact that the Court has jurisdiction over the plaintiff's Section 1983 claims for false arrest and unlawful imprisonment, the Court will exercise supplemental jurisdiction over the state law claim for malicious prosecution against the City of Long Beach.

**D. Abuse of Process**

 An abuse of process claim under Section 1983 is also governed by state law. *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir.1994) (citing *Raysor v. Port Authority of New York and New Jersey*, 768 F.2d 34, 39 (2d Cir.1985)). To establish an abuse of process claim under New York law, the plaintiff must show that the defendant (1) issued process, either civil or criminal, to compel performance or forbearance of an act; (2) with the intention to harm the plaintiff without excuse or justification; and (3) use of the process to obtain a collateral objective. *Id.* (citing *Curiano v. Suozzi*, 63 N.Y.2d 113, 116, 480 N.Y.S.2d 466, 468, 469 N.E.2d 1324 (1984)).

Similar to the original complaint, the amended complaint does not allege that the defendants issued either civil or criminal process to compel the plaintiff to perform an act or to forebear from any action. In addition, the amended complaint does not allege that the defendants used the process to obtain a collateral objective. As such, the amended complaint does not give fair notice of the abuse of process claims and the grounds upon which they rest. Accordingly, the motions to dismiss the abuse of process claims under Section 1983 and New York law against all of the defendants are granted.

In sum, the remaining claims in the complaint are false arrest and unlawful imprisonment under Section 1983 and New York law against Dowling and against the City of Long Beach and the New York law claim for malicious prosecution against the City of Long Beach. The remainder of the claims are dismissed.

**III. CONCLUSION**

Based on the foregoing, it is hereby

**ORDERED,** that all the claims in the complaint are dismissed except the false arrest and unlawful imprisonment claims under Section 1983 and New York State law against Dowling and against the City of Long Beach and the New York State law claim for malicious prosecution against the City of Long Beach; and it is further

**ORDERED,** that the parties are directed to contact United States Magistrate Judge Michael L. Orenstein forthwith to schedule discovery; and it is further

**ORDERED,** that the Clerk of the Court is directed to amend the caption as follows:
JOEL ANDERSON,

Plaintiff,

-against-

THE CITY OF LONGBEACH; and DETECTIVE SHAUN DOWLING, Sued in their Individual and Official Capacities,

Defendants.

**SO ORDERED.**