10-1559-cv
Kilburn v. Village of Saranac Lake

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of March, two thousand eleven.

PRESENT: DENNIS JACOBS,
                    Chief Judge,
              PIERRE N. LEVAL,
              REENA RAGGI,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

SETH KILBURN and KORI KILBURN,

        Plaintiffs-Appellants,

        -v.-                                    10-1559-cv

VILLAGE OF SARANAC LAKE, SARANAC LAKE
POLICE DEPARTMENT, Patrolman JOHN W.
GAY, Sergeant WILLIAM J. COTE,

        Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANTS:** ERIN MEAD (ARTHUR H. THORN, on the brief), Thorn Gershon Tymann and Bonanni, LLP, Albany, NY.

**FOR APPELLEES:** THOMAS K. MURPHY (THOMAS J. HIGGS, on the brief), Murphy, Burns, Barber & Murphy, LLP, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Seth and Kori Kilburn appeal from the judgment entered on March 31, 2010 by the United States District Court for the Northern District of New York (Kahn, J.), which granted appellees' motion for summary judgment on appellants' false arrest, false imprisonment, and malicious prosecution claims brought under New York law and as analogous claims under 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

A grant of summary judgment is reviewed de novo, "resolv[ing] all ambiguities and draw[ing] all permissible factual inferences in favor of the party against whom summary judgment is sought." Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted).

[1] The appellants contend that the district court improperly dismissed their false arrest and false imprisonment claims by ruling that probable cause existed for Mr. Kilburn's arrest as a matter of law.

"The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under [New York] law or under § 1983." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (internal citation and quotation marks omitted). The same holds true for the false imprisonment claims because, under New York law, the claim is identical to a false arrest claim, see Posr v. Doherty, 944 F.2d 91, 96 (2d Cir. 1991), and the federal claim looks to the elements of the state claim, see Russo v. City of Bridgeport, 479 F.3d 196, 204 (2d Cir. 2007). The parties

2

do not dispute the material facts; the existence of probable cause therefore is properly decided as a matter of law.  See Walczyk v. Rio, 496 F.3d 139, 157 (2d Cir. 2007); Colaruotolo v. Cohoes, 353 N.Y.S.2d 542, 544 (3d Dep't 1974).

An arrest is supported by probable cause "when the officers have knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested."  Zellner v. Summerlin, 494 F.3d 344, 368 (2d Cir. 2007).  We look to the "totality of the circumstances" in deciding whether probable cause exists for an arrest.  Illinois v. Gates, 462 U.S. 213, 238 (1983).

The officers relied primarily on a sworn statement submitted by the victim, a mentally disabled twelve-year old student.  "An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity."  Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 119 (2d Cir. 1995).  Although the child's age and mental capacity bear upon the trustworthiness of his statement, the statement was reinforced by the statements of four adults who discussed the incident with him and believed that an offense had occurred: his grandmother, the school psychologist, the Dean of Students, and Patrolman Gay.  A person of reasonable caution could conclude likewise; Patrolman Gay therefore had probable cause to arrest Mr. Kilburn.

The officers were not required to conduct further investigation before the arrest.  Although "the failure to make a further inquiry when a reasonable person would have done so may be evidence of lack of probable cause," Colon v. City of New York, 60 N.Y.2d 78, 82 (1983), an officer need not "explore and eliminate every theoretically plausible claim of innocence" or "prove plaintiff's version wrong" before arresting him, even if "an investigation might have cast doubt upon the basis for the arrest."  Curley v. Village of Suffern, 268 F.3d 65, 70 (2d Cir. 2001) (internal quotation marks omitted).  In any event, it is unclear what additional investigative steps would have been fruitful.  According to the child, the only potential witness for any of the alleged conduct was a classmate; although the

3

officers could have interviewed the other student, he may not have seen anything, his statement may not have been sufficiently corroborative because of his age, and one may hesitate to include another child in the emotionally charged investigation.

**[2]** The Kilburns invite us to interpret the comments by Sergeant Thurber about the lack of probable cause as an admission by the department, or an indicator of a triable issue of fact.  The statements are irrelevant for the probable cause inquiry: Thurber was not involved in the investigation prior to the arrest, and "[w]hether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the <u>arresting officer</u> at <u>the time of the arrest</u>."  <u>Devenpeck v. Alford</u>, 543 U.S. 146, 152 (2004) (emphases added).

**[3]** Appellants' malicious prosecution claims are meritless for the same reason that the false arrest and false imprisonment claims fail: Probable cause is an absolute defense to a malicious prosecution claim under New York law, <u>see</u> <u>Dickerson v. Napolitano</u>, 604 F.3d 732, 751 (2d Cir. 2010), and one element of a § 1983 claim for malicious prosecution is malicious prosecution under state law, <u>Fulton v. Robinson</u>, 289 F.3d 188, 195 (2d Cir. 2002). Although this Court has hinted in a nonprecedential order that exculpatory circumstances discovered after an arrest can dissolve probable cause to prosecute, <u>see</u> <u>D'Angelo v. Kirschner</u>, 288 F. App'x 724, 726 (2d Cir. 2008) (summary order), probable cause to arrest is generally construed as probable cause to prosecute as well, <u>see, e.g.</u>, <u>Williams v. Town of Greenburgh</u>, 535 F.3d 71, 79 (2d Cir. 2008).  In any event, the plaintiffs cite no such exculpatory facts. (Sergeant Thurber's opinion does not constitute an exculpatory fact.)

We have considered all of appellants' contentions on this appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4