Danford v State of New York (2021 NY Slip Op 04825)





Danford v State of New York


2021 NY Slip Op 04825


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


424 CA 20-01050

[*1]WILLIE DANFORD, CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 114743.) 






WILLIE DANFORD, CLAIMANT-APPELLANT PRO SE.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (DUSTIN J. BROCKNER OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Court of Claims (Renee Forgensi Minarik, J.), entered July 19, 2019. The order granted defendant's motion to dismiss the claim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action seeking damages for false arrest and false imprisonment, claimant appeals from an order granting defendant's motion to dismiss the claim on statute of limitations grounds. We affirm.
Claimant was arrested and held in jail on charges of, inter alia, criminal possession of a controlled substance in the third degree after he admitted to owning drugs that were discovered by a New York State Trooper during a traffic stop that occurred in late April 2006. On May 4, 2006, claimant was released on his own recognizance. The charges against claimant were dismissed on January 23, 2007, after the evidence obtained during the traffic stop was suppressed. On July 26, 2006, claimant served a notice of intention to file a claim against defendant. Claimant served his verified claim on the Attorney General's Office on January 24, 2008, and filed it on January 25, 2008.
We conclude that the Court of Claims properly granted defendant's motion to dismiss the claim on statute of limitations grounds. Claimant's false arrest and imprisonment cause of action is governed by a one-year statute of limitations (see CPLR 215 [3]). Inasmuch as that cause of action accrued when claimant was released from custody on May 4, 2006 (see Conkey v State of New York, 74 AD2d 998, 998-999 [4th Dept 1980], lv denied 50 NY2d 803 [1980]), it is time-barred because the claim was not filed until over a year later, in January 2008. Claimant's contention that his cause of action sounds in negligence is without merit because it is well settled that he "must proceed by way of the traditional remedies of false arrest and imprisonment and malicious prosecution" (Heath v State of New York, 229 AD2d 912, 912 [4th Dept 1996] [internal quotation marks omitted]; see Boose v City of Rochester, 71 AD2d 59, 62 [4th Dept 1979]). We reject claimant's contention that he asserted a cause of action for malicious prosecution, and we note that any such claim would also have been subject to dismissal on the ground that it was interposed outside the applicable one-year statute of limitations (see CPLR 215 [3]; Boose, 71 AD2d at 65).
To the extent claimant contends that he asserted a cause of action premised on 42 USC § 1983, that cause of action was properly dismissed because defendant is not a "person" within the meaning of that statute (see Brown v State of New York, 89 NY2d 172, 185 [1996]; see generally Will v Michigan Dept. of State Police, 491 US 58, 63-65 [1989]). Moreover, the Court of Claims lacks jurisdiction to adjudicate federal constitutional torts (see Bottom v State of New York, 142 AD3d 1314, 1316 [4th Dept 2016], appeal dismissed 28 NY3d 1177 [2017]).
Finally, any alleged procedural infirmities with respect to defendant's motion to dismiss were not raised below and therefore are not properly before us (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court